## 31121. THORNTON et al. v. REB PROPERTIES, INC.

INGRAM, Justice.

This case was transferred to this court by the Court of Appeals and argued here on May 12, 1976. It began when the appellee filed a petition against appellants in the trial court to remove a cloud on title to land. Code Ann. § 37-1410 et seq. The case was referred by the superior court judge to a special master under the provisions of Code Ann. § 37-1413 and the master qualified on September 7, 1973. Thereafter, the special master heard from all parties, considered the case and made his report to the superior court on May 9, 1974. The trial court entered a final judgment in the case on May 14, 1974, based on the special master's report.

On June 7, 1974, appellants filed a written demand for jury trial. The trial court subsequently dismissed appellants' demand for a jury trial. A notice of appeal was filed by appellants within 30 days after this ruling by the trial court, but the notice of appeal was not filed within 30 days after the trial court's judgment entered on May 14, 1974.

The key issue presented is whether the proceedings to remove a cloud on title authorize a demand for a jury trial to be filed after the special master has ruled on the questions of law and fact in the case and submitted his report to the trial court. If so, the judgment entered by the trial court on May 14, 1974, was not a final judgment to which a notice of appeal must be filed within 30 days. If not, the May 14th judgment was a final judgment in the case and there has been no timely appeal filed from it.

We interpret these statutes (Code Ann. §§ 37-1410 through 37-1423) to require counsel to demand a jury trial for the resolution of any factual issues in the case prior to the time it is heard by the special master. If no demand is filed prior to the time he hears the case, the special master is the arbiter of law and fact and decides all issues in the case unless the master "on his own initiative . . . [requires] a trial by a jury of any question of fact." Code Ann. § 37-1416.

Accordingly, we hold the demand for a jury trial was

not timely filed in this case and the judgment entered by the trial court on May 14, 1974, pursuant to Code Ann. § 37-1417, was a final judgment. The subsequent demand for a jury trial cannot be regarded as one of the enumerated ways specified in Code Ann. § 6-803 to toll the 30-day period in which a notice of appeal must be filed from the final judgment. Therefore, since no notice of appeal was filed within 30 days of the final judgment of the trial court in this case, the appeal must be dismissed.

*Appeal dismissed. All the Justices concur.*

ARGUED MAY 12, 1976 — DECIDED
JUNE 8, 1976.

*Driebe & Lawson, Charles J. Driebe,* for appellants.
*William R. L. Latson, Albert B. Wallace,* for appellee.