## 33224. BROWN v. WILSON et al.

PER CURIAM.

This land line dispute involves a driveway built in 1925 and used continuously until 1976. Due to a mistake by the builder, the driveway encroached nearly two feet onto the adjoining vacant lot (No. 75). In 1937, when a house was built upon lot 75 and a survey made, the Wilsons learned for the first time that their driveway encroached onto their neighbor's land. The new owner of lot 75 demanded payment for the land and threatened

suit, but the Wilsons refused to pay, and the threat of suit was never carried out.

Mrs. Wilson and her daughter inherited the land from Mr. Wilson, and when they attempted to sell the house they were unsuccessful because they had no record title to the encroaching portion of the driveway. They sued to quiet title, and a special master found that they had prescriptive title to the disputed area. The trial court considered the exceptions to the special master's report and overruled them. This appeal is from the judgment entered in accordance with the report.

1. Appellant claims she was unlawfully denied a jury trial. Because she failed to file her demand for a jury trial prior to the time the case was heard by a special master, her demand was untimely, and properly denied. *Thornton v. REB Properties, Inc.,* 237 Ga. 59 (226 SE2d 741) (1976) (interpreting Code § 37-1410 et seq.). Appellant's constitutional challenge to this procedure was not presented to the trial court.

2. The remainder of appellant's arguments in this appeal amount to a claim that there was insufficient evidence of adverse possession. The evidence supports the finding of prescriptive title. *Williams v. Mathis,* 237 Ga. 305, 306 (227 SE2d 378) (1976); *Waxelbaum v. Gunn,* 150 Ga. 408 (104 SE 216) (1920).

The trial court did not err in entering a decree for the appellees.

*Judgment affirmed. All the Justices concur, except Jordan and Hill, JJ., who dissent.*

ARGUED FEBRUARY 13, 1978 — DECIDED FEBRUARY 28, 1978.

*Haas, Holland, Levison & Gibert, Richard N. Hubert,* for appellant.

*Vance O. Rankin, III,* for appellees.

JORDAN, Justice, dissenting.

As I understand the facts of this case, the trial court was clearly in error in finding that the appellees had carried their burden of proof on the issue of adverse possession. The evidence shows that the possession was

not peaceable since suit was threatened soon after the error was discovered and that the appellee Wilson never stated to appellant that she was claiming the disputed area. Permissive possession was negated when appellant had an iron pin placed in the concrete on her line as established by a survey. Under these conditions the appellees could not prove "public, continuous, exclusive, uninterrupted, and peaceable" possession as required by Code Ann. § 85-402.

I respectfully dissent.

I am authorized to state that Justice Hill joins in this dissent.