## 35151. IN RE RIVERMIST HOMEOWNERS ASSOCIATION, INC.

HALL, Justice.

This appeal is brought by Rivermist Homeowners Association, Inc., from the dismissal of its suit to quiet title to certain recreational land within a residential subdivision. We affirm, finding that the association has failed to state a claim for the relief sought.

The Rivermist subdivision was developed in Gwinnett County by Rivermist Corporation. Thirty-three acres were set aside for recreational purposes. In pertinent part, Article IV, Section E of the Gwinnett County subdivision regulations provided as follows: "1. Land for public parks shall be reserved for all residential subdivisions . . . Reserved land shall be deeded to a Property Owners Association . . . for the operation and maintenance of the open space for the benefit of the residents. The organization of this Property Owners Association and its adequate financing for the discharge of its responsibilities shall be assured through acceptable private deed covenants . . ." At the time the plat for the subdivision was recorded, however, no property owners association existed and no deed or other disposition of the "reserved" land was ever made.

Rivermist Corporation then constructed extensive improvements including a clubhouse on the recreational land, and in May, 1974 executed a deed to secure debt to the First National Bank of Gwinnett County to finance the improvements.

In August, 1974 Rivermist Corporation incorporated the Rivermist Homeowners Association, Inc., plaintiff-appellant herein, as a non-profit corporation to operate the recreational facilities. Subsequently, in 1976, Misty River, Inc. acquired title to the entire subdivision.

In 1978, the association filed its petition for quia timet seeking to quiet title to the recreation and clubhouse site. The association claimed fee simple title to that site free and clear of the $150,000 debt to the bank. Its petition grounded its claim for fee simple title upon the plat recorded in 1973 construed together with the subdivision regulations. The special master found the association to have no standing to pursue the suit because it had no title, and recommended the grant of certain defendants' motions to dismiss. The trial court approved the special master's report and dismissed the petition. This appeal followed, and requires a preliminary consideration of the breadth of relief available under Georgia statutes in suits to quiet title.

Georgia's quia timet procedure is found in Code Ann. § 37-1407, reading as follows: "The proceeding quia timet

is sustained in equity for the purpose of causing to be delivered up and cancelled any instrument which has answered the object of its creation, or any forged or other iniquitous deed or other writing, which, though not enforced at the time, either casts a cloud over complainant's title or otherwise subjects him to future liability or present annoyance, and the cancellation of which is necessary to his perfect protection."

Georgia cases have tended to limit the applicability of the proceeding to those cases coming within the narrow statutory language. 25 EGL 232, Quieting Title, § 2 (1974). See generally Heller v. Fishman, 278 Pa. 328 (123 A 311) (1924); Annot., Right of one not in possession, etc., 36 ALR 698 (1925).

The 1966 Quiet Title Act was designed to broaden the relief available by supplementing and not supplanting the quia timet procedure. Code Ann. § 37-1423. This is the stated purpose of the new Act: "The purpose of this law [§§ 37-1411 thru 37-1423] is to create a procedure for removing any cloud upon the title to land, including the equity of redemption by owners of land sold at tax sales, and for readily and conclusively establishing that certain named persons are the owners of all the interests in land defined by a decree entered in such proceeding, so that there shall be no occasion for land in this State to be unmarketable because of any uncertainty as to the owner of every interest therein." Code Ann. § 37-1421. The applicability of the new Act is as follows: "Any person . . . who *claims* an estate of freehold present or future or any estate for years of which at least five years are unexpired . . . in any land in this State, whether in the actual and peaceable possession thereof or not, and whether such land is vacant or not, may bring a proceeding in rem against all the world to establish his title to such land and to determine all adverse claims thereto or to remove any particular cloud or clouds upon his title to such land, including an equity of redemption, which proceeding may be against all persons known or unknown who claim or might claim adversely to him, whether or not the petition discloses any known or possible claimants." Code Ann. § 37-1411. (Emphasis supplied.)

The association claims standing under the 1966 Act

to pursue this suit because they "claim" fee simple title to the land in dispute. The special master ruled they had no standing because under *Thomas v. Stedham,* 208 Ga. 603 (68 SE2d 560) (1952) only a "true owner" could maintain an action to quiet title. The association argues that *Thomas v. Stedham* was decided years before the 1966 Act, and does not state the current law. Appellees answer that *Thomas v. Stedham* was recently applied in *Whitworth v. Whitworth,* 233 Ga. 53, 55 (210 SE2d 9) (1974), and thus governs suits brought under the 1966 Act as well as those under the prior quia timet procedure.

We think it plain that the purpose of the new Act was to expand the relief available. See also Mueller v. Mercer County, 60 NW2d 678 (N. D. 1953). Therefore, we question the current adequacy of the "true owner" language of *Thomas v. Stedham.* But even under the relaxed standard of the new law a plaintiff must assert that he *holds* some current record title or current prescriptive title, in order to maintain his suit. Otherwise, he possesses no title at all, but only an expectancy such as plaintiffs assert here.

The court considered a similar expectancy in *Myers v. Grant,* 212 Ga. 677, 681 (95 SE2d 9) (1956), noting that "until they [petitioners] were entitled to have the contract [to convey] specifically performed, they would have no standing in a court of equity to have the defendants' deed canceled, because until then they had no legal interest in the property, but only the possibility of an interest." Cf. Fontaine v. Hudson, 5 SW 692 (Mo. 1887).[1]

Section 37-1411 speaks of providing a proceeding for one "who claims an estate . . . to establish his title . . ." The association has no title to "establish" — they make no claim of record nor of prescriptive title. Their claim is that they *should* be awarded title. Indeed, their mere

---

[1] "The plaintiffs, having failed to show either title to or possession of the premises, were not in a position to attack the proceedings in the back tax suit in any form of proceedings, either legal or equitable, and their bill was properly dismissed." Fontaine v. Hudson, 5 SW 692, 696, supra.

expectancy is itself subject to the contingencies expressed in part E 1 of the Gwinnett County Subdivision Regulations of 1970 relating to the necessary qualifications for a homeowners association. Moreover, that part of the Regulations does not speak of an "estate of freehold" nor an "estate for years" to which the Act refers, but merely requires a deed "for . . . operation and maintenance . . ."

Nor can the association show title through dedication. They assert that the August, 1973 recordation of a final plat of the Rivermist subdivision contained an Owner's Acknowledgment dedicating "all streets, alleys, parks, and water courses, drains, easements and public places thereon shown for the purposes and considerations therein expressed." They recognize that it is generally true that dedication for public use does not deprive the owner of his title, under such cases as *Brown v. City of East Point,* 148 Ga. 85 (95 SE 962) (1918) and *Seaboard A. L. R. Co. v. Greenfield,* 160 Ga. 407 (128 SE 430) (1925). But they argue from *Danielsville & Comer Tel. Co. v. Sanders,* 209 Ga. 144, 145 (71 SE2d 226) (1952) and *Atlanta & W. P. R. Co. v. City of Atlanta,* 156 Ga. 251, 255 (119 SE 712) (1923) that "dedication by plat" does transfer such title. We find in those cases no support for their proposition. The pertinent language in both those cases involved deeds.

In the words of Misty River, Inc.'s brief, "The recorded plat relied upon by the Association as a dedication was made prior to the Association's existence, was made for the use, not ownership of the public, and makes no reference whatever to the clubhouse or other improvements located on the property."

We find that the association has failed to bring itself within the language of Code Ann. § 37-1411 because it has shown no current claim to an estate of freehold nor an estate for years.

To the extent that the association may claim easement rights in the subject land under grants from individual homeowners, it still had no claim under Code Ann. § 37-1411 because an easement is neither an estate of freehold nor an estate for years.

The face of the pleadings shows that the association

failed to bring itself within the language of the Act under which it sought to proceed. No evidence which might be introduced within the framework of the complaint could sustain a grant of the relief sought, and the motions to dismiss for failure to state a claim were correctly granted by the trial court. See *Almaroad v. Giles,* 230 Ga. 473 (197 SE2d 706) (1973).

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 11, 1979 — DECIDED OCTOBER 23, 1979.

*John Lantz, R. W. Denicke, Jr.,* for appellant.
*Webb, Fowler, Tanner & Edmondson, Jones Webb, Jim Henderson, J. L. Edmondson, Hansell, Post, Brandon & Dorsey, Jefferson D. Kirby,* for appellee.