S94A0745. SMITH et al. v. GEORGIA KAOLIN COMPANY, INC. et al.

(449 SE2d 85)

FLETCHER, Justice.

This appeal concerns whether summary judgment should have been granted to kaolin companies under the Quiet Title Act of 1966. We affirm the grant of summary judgment against the Cobb heirs, but reverse the summary judgment entered against John Smith.

Smith brought a petition to quiet title under OCGA §§ 23-3-60 to 23-3-72 concerning land in Wilkinson County. The heirs of George Cobb intervened as plaintiffs. After extensive discovery, Georgia Kaolin Company and Dry Branch Kaolin Company moved for summary judgment. They contended that petitioners in a statutory quiet title action must recover based on the strength of their own title, neither Smith nor the Cobb heirs had demonstrated ownership by instruments of title or prescription, and Dry Branch had been in possession of the disputed tracts since the petition was filed. The trial court granted summary judgment to the companies, and Smith and the Cobb heirs appeal.

1. An action under the Quiet Title Act of 1966 is a proceeding taken directly against property to establish title to the land. Recognizing the sometimes impossible task of determining the identity or residence of all possible adverse claimants due to title irregularities spanning many years, the legislature made the proceeding in rem against all the world. OCGA § 23-3-61. As an in rem proceeding, the case is instituted by "filing a petition in the superior court of the

county in which the land is situated." OCGA § 23-3-62 (a). Smith followed this statutory requirement by filing his petition in Wilkinson County where the disputed land is located. Therefore, venue is proper in Wilkinson County.

2. The legislature enacted the 1966 Act to create an efficient and effective way to adjudicate disputed title claims. *Heath v. Stinson*, 238 Ga. 364, 365 (233 SE2d 178) (1977). The purpose of the act is to:

> create a procedure for removing any cloud upon the title to land, . . . and for readily and conclusively establishing that certain named persons are the owners of all the interests in land defined by a decree entered in such proceeding, so that there shall be no occasion for land in this state to be unmarketable because of any uncertainty as to the owner of every interest therein.

OCGA § 23-3-60. Any person who claims an interest in land may bring a proceeding to establish title to the land, determine all adverse claims, or to remove clouds on his title. OCGA § 23-3-61. The act shall be liberally construed. OCGA § 23-3-72.

The legislature intended the act to serve as an additional remedy to other legal and equitable claims. *Heath v. Stinson*, 238 Ga. at 365. Under the conventional quiet title action, for example, the general rule was that a person had to prove actual possession of the land to bring a petition to cancel an instrument that cast a cloud on the title. See *Hale v. Turner*, 183 Ga. 593, 595 (189 SE 10) (1936); OCGA §§ 23-3-40 to 23-3-42. In contrast, the 1966 Act eliminates the requirement of possession. See OCGA § 23-3-61. Similarly, we reject the companies' argument that the Quiet Title Act requires the same proof of title as an ejectment action. See OCGA § 44-11-1. Their proposal would defeat the legislature's purpose in enacting the 1966 Act and providing for its liberal construction.

Despite the act's relaxed standards, a plaintiff must have more than the possibility of an interest in title to bring an action. To withstand a motion to dismiss, a person must assert a claim of either current record title or current prescriptive title. *In re Rivermist Homeowners Assn.*, 244 Ga. 515, 518 (260 SE2d 897) (1979).

3. A party is entitled to summary judgment if "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." OCGA § 9-11-56 (c). Summary judgment should be granted only where undisputable facts exist on which reasonable minds could not differ. *Indian Trail Village v. Smith*, 139 Ga. App. 691 (229 SE2d 508) (1976). The evidence must be construed most favorably towards the opposing party, who is given the benefit of all reasonable doubts and possible inferences. *Eiberger v. West*, 247

Ga. 767 (281 SE2d 148) (1981). Under this standard, summary judgment rarely will be appropriate in an action under the 1966 Act.

Since Smith has demonstrated by written instruments that disputed issues of material fact remain concerning his claim, we reverse the grant of summary judgment as to his claim and remand for further proceedings under the 1966 Act. See OCGA § 23-3-66. On the other hand, the Cobb heirs can show no claim of title in the disputed land and, therefore, we affirm the grant of summary judgment to the companies on the Cobb heirs' claim.

*Judgment affirmed in part, reversed and remanded in part. Hunt, C. J., Benham, P. J., Fletcher, Sears, Hunstein, Carley, JJ., and Judge E. Purnell Davis II concur. Thompson, J., disqualified.*

DECIDED OCTOBER 17, 1994 — RECONSIDERATIONS DENIED NOVEMBER 18, 1994 AND DECEMBER 20, 1994.

*G. Lee Dickens, Jr., Foy R. Devine, Franklin R. Nix,* for appellants.

*Harris & James, William C. Harris, John B. Harris, Jr., Jacquelyn Sanders, Emory A. Wilkerson, Randal Mangham, Jones, Cork & Miller, H. Jerome Strickland, W. Kerry Howell, L. A. Browne, Jr., Martin L. Fierman, J. David McRee,* for appellees.

