## A00A1060. GRIFFETH v. GRIFFIN et al.
### (538 SE2d 521)

ANDREWS, Presiding Judge.

The sole issue before us in this appeal is whether the superior court erred in approving and adopting a special master's order denying as untimely defendant William Griffeth, Jr.'s demand for a jury trial. Because Griffeth demanded the jury trial after the start of the hearing in front of the special master, we conclude that the demand was untimely and affirm.

This case arose when the five plaintiffs filed a petition to quiet title and for declaratory judgment against Griffeth and all the world. The case came on for a hearing before a special master on August 16, 1999, approximately 18 months after the petition was filed. After the special master called the case, defendant Griffeth's counsel requested a "pre-trial conference" during which he asked that the record be kept open so his client could hire a surveyor to do a survey of the property in question. The special master denied the request, and Griffeth's counsel then demanded a jury trial.

Plaintiffs' counsel responded to the demand by stating that his clients were from out of state and it had been agreed that a jury demand would not be made at the last moment and that a special master would hear the case. The special master rejected Griffeth's demand, determining that they had already commenced the proceed-

---

[21] See *Jorgensen*, supra.

ings when the demand was made and, therefore, it was untimely.

After hearing the evidence, the special master found for the plaintiffs, and these findings were adopted and made a final order of the superior court. This appeal followed.

In his only enumeration of error, Griffeth argues that the demand for jury trial was made before the special master heard the case and, therefore, it was timely. Griffeth relies on *Thornton v. Reb Properties*, 237 Ga. 59 (226 SE2d 741) (1976), in which the appellants filed a demand for jury trial after the special master had heard the case and the superior court had entered a final judgment. The court held that if no demand for a jury trial is filed before the case is heard by the special master, the demand is untimely. Id. at 59-60.

Here, citing to *Thornton*, supra, Griffeth argues that because the special master had not "heard" the case when he made his demand for a jury trial, the demand was timely. We disagree.

OCGA § 23-3-66 provides that "the special master shall have complete jurisdiction within the scope of the pleadings to ascertain and determine the validity, nature, or extent of petitioner's title and all other interests in the land, or any part thereof. . . ." It also provides that any party to the proceeding may demand a trial by jury. OCGA § 23-3-66. The purpose behind the special master statute was to create "an efficient, speedy and effective means of adjudicating disputed title claims. . . ." *Heath v. Stinson*, 238 Ga. 364, 365 (233 SE2d 178) (1977). In this case, the parties agreed to have the case heard by a special master; the parties appeared, and the special master called the case, listened to argument on a motion and ruled on the motion before Griffeth made his demand.

The demand was untimely. To hold otherwise would not be in the interest of judicial economy and would be contrary to the underlying policy behind the statute — that of providing an efficient, speedy and effective means to settle these disputes.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED AUGUST 21, 2000.

*James C. Hill*, for appellant.
*Lee R. Taylor*, for appellees.