S02A0630. GHG, INC. et al. v. BRYAN et al.
(566 SE2d 662)

THOMPSON, Justice.

Solomon Bryan and others brought an action to quiet title concerning a 12.164 acre parcel of land in McIntosh County, Georgia. The petition alleges a chain of title beginning with an unrecorded deed in 1884, followed by a series of conveyances up to the present. The proceedings were submitted to a special master, and GHG, Inc. asserted an adverse claim. The special master determined that petitioners are the equitable owners of the property and that no other person has any claim of right to the land. The trial court adopted the findings and recommendation of the special master and decreed that fee simple title is in the petitioners. GHG appeals.

1. GHG asserts that the trial court erred in failing to dismiss the petition for failure to state a claim upon which relief can be granted.

Under OCGA § 23-3-62 (b), a petition to quiet title must contain a particular description of the land, a specification of the petitioner's interest in the land, and whether that interest is based upon a written instrument, adverse possession, or both. In addition, the petition should be accompanied by a plat of survey and copies of any written instruments upon which petitioner's interest or that of an adverse claimant is based. OCGA § 23-3-62 (c). A petition is subject to dismissal only when on the face of the pleadings it appears that it is in noncompliance with OCGA § 23-3-62. In that case, "[n]o evidence which might be introduced within the framework of the complaint could sustain a grant of the relief sought." *In re Rivermist Homeowners Assn.,* 244 Ga. 515, 520 (260 SE2d 897) (1979). Bryan's petition established a claim of current title based upon a series of recorded and unrecorded instruments as well as by prescription, and otherwise satisfied the statutory requirements. The petition was not subject to dismissal. See *Smith v. Ga. Kaolin Co.,* 264 Ga. 755 (3) (449 SE2d 85) (1994); *Rivermist Homeowners,* supra.

2. GHG's demand for a jury trial was made after the hearing before the special master and, therefore, was untimely. *Brown v. Wilson,* 240 Ga. 856 (1) (242 SE2d 603) (1978); *Thornton v. REB Proper-*

*ties,* 237 Ga. 59 (226 SE2d 741) (1976); *Griffeth v. Griffin,* 245 Ga. App. 619 (538 SE2d 521) (2000). Accordingly, GHG was not entitled to a jury trial for any of the reasons advanced.

3. GHG claims that OCGA § 23-3-67 violates due process because it compels the trial court to issue its decree upon receipt of the special master's report and does not provide any means by which a party can contest that report. Assuming that this argument was raised in the trial court, it was not directly addressed by the court below. "We will not rule on a constitutional question unless it clearly appears in the record that the trial court distinctly ruled on the point." (Punctuation omitted.) *Haynes v. Wells,* 273 Ga. 106, 108 (3) (538 SE2d 430) (2000).

4. GHG submits that the findings of the special master and the judgment are contrary to the evidence. Where there is no transcript of the proceedings, the findings of the special master cannot be reviewed. See *Glenn v. Allen,* 239 Ga. 646 (1) (238 SE2d 438) (1977).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 15, 2002.

*Vincent D. Sowerby,* for appellants.
*Adam S. Poppell III,* for appellees.