## S07A0990. DYKES PAVING AND CONSTRUCTION COMPANY, INC. v. HAWK'S LANDING HOMEOWNERS ASSOCIATION, INC.

(647 SE2d 579)

THOMPSON, Justice.

Dykes Paving and Construction Company, Inc. ("Dykes") developed a residential subdivision known as Hawk's Landing. Dykes filed a declaration of restrictive covenants for the subdivision providing for the future conveyance of the subdivision's recreational and common areas from Dykes to an entity known as the Hawk's Landing Property Owners Association, Inc. In addition, Dykes and several property owners granted an easement to Hawk's Landing Property Owners Association, Inc. to use the recreation area.

Claiming to be the entity referenced in the restrictive covenants as well as the easement, Hawk's Landing Homeowners Association, Inc. ("HLHA") brought an action to quiet title against Dykes. In so doing, HLHA alleged that Dykes failed to convey the common areas pursuant to the restrictive covenants and refused permission to use the clubhouse in accordance with the easements. Based on these allegations, HLHA sought relief in the form of fee simple title to the common areas and the use of the easements. Dykes answered and moved to dismiss the petition for failure to state a claim for relief. The trial court denied the motion, but certified its ruling for immediate review. We granted Dykes' application for an interlocutory appeal.

To state a claim for quiet title relief, a plaintiff must allege more than a right to acquire title; it must allege that it presently holds current title or current prescriptive title. *In re Rivermist Homeowners Assn.*, 244 Ga. 515, 518 (260 SE2d 897) (1979); OCGA § 23-3-61. Compare *GHG, Inc. v. Bryan*, 275 Ga. 336 (1) (566 SE2d 662) (2002) (petition to quiet title established current title based upon recorded and unrecorded instruments as well as by prescription) with *Smith v. Georgia Kaolin Co.*, 264 Ga. 755, 756 (2) (449 SE2d 85) (1994) (despite relaxed standards of Quiet Title Act, plaintiff must have more than the possibility of an interest in title to bring an action to quiet title). Moreover, a petition to quiet title must be based upon an estate of freehold or an estate for years. OCGA § 23-3-61. Thus, it cannot depend upon an easement. *In re Rivermist Homeowners Assn.*, supra at 519.

HLHA did not allege that it holds current title; it merely alleged that Dykes should convey future title and that Dykes gave it an easement which it should be permitted to use. These allegations are insufficient to support a claim for quiet title relief. *In re Rivermist Homeowners Assn.*, supra. It follows that the trial court erred in denying Dykes' motion to dismiss the petition.

*Judgment reversed. All the Justices concur.*

DECIDED JULY 13, 2007.

*Anderson, Tate & Carr, Donald L. Swift III, Robert M. Reeves, Dennis P. Helmreich,* for appellant.
*Gordon & Brown, Gerald W. Brown,* for appellee.