S08A1608. WALKER et al. v. SAPELO ISLAND HERITAGE
AUTHORITY et al.
(674 SE2d 925)

HINES, Justice.

In 2006, Jonathan Walker and Linda Woods, on behalf of themselves and the similarly situated heirs of Charles Walker, filed a petition against all the world to quiet title to a 3.8679 acre tract known as Lot 19X in the Hog Hammock community on Sapelo Island in McIntosh County. The petitioners (collectively "the Walkers") contended that their interests were based either on a lost deed, or on prescriptive title. See *Dykes Paving & Constr. Co. v. Hawk's Landing Homeowners Assn.*, 282 Ga. 305 (647 SE2d 579) (2007). The Sapelo Island Heritage Authority ("the Authority") answered, asserting that it held fee simple title to the parcel. The trial court granted the Authority's motion for summary judgment, and the Walkers appeal. For the reasons that follow, we reverse.

1. The Walkers enumerate as error the trial court's refusal to grant their "motion to dismiss claims of Sapelo Island Heritage Authority for lack of standing." The basis for that motion was their contention that the Authority did not produce a chain of title to Lot 19X. However, the Authority produced certified copies of numerous deeds, notably showing that: in 1949, Sapeloe Plantation, Inc., executed a warranty deed conveying all of Sapelo Island to Richard J. Reynolds; in 1963, Reynolds conveyed to American Properties, Inc., all of Sapelo Island, excepting certain tracts; in 1969, American Properties, Inc., executed a quitclaim deed in favor of Annemarie

Reynolds for various holdings in McIntosh County, specifically including Sapelo Island; and thereafter, Annemarie Reynolds executed a quitclaim deed in favor of the Sapelo Island Research Foundation, Inc., which executed a warranty deed in favor of the Authority in 2002.

The basis for the Walkers' assertion that the Authority cannot show title to Lot 19X is the 1963 deed from Richard J. Reynolds to American Properties, Inc., which excepted certain tracts. That deed stated in relevant part that Reynolds was

> not hereby conveying, certain portions of the above described lands, as follows:
>
> . . .
>
> 6. *PORTIONS OF HOG HAMMOCK SUBDIVISION:* All those certain lots or parcels of land, and those certain undivided interests in certain lots or parcels of land, in Hog Hammock Subdivision, owned by persons other than Richard J. Reynolds.
>
> (The parcels of land and undivided interests in parcels of land owned by Richard J. Reynolds in Hog Hammock Subdivision as of this date and herein conveyed as part of the general description as first herein set out, were conveyed to him by various deeds from time to time and said deeds are of record in the Clerk's Office, McIntosh Superior Court. The lands and undivided interests in lands in Hog Hammock Subdivision not conveyed to Richard J. Reynolds by said deeds are the properties of other persons and are excepted from this conveyance as first shown above in paragraph numbered 6. Hog Hammock Subdivision contains 434 acres, more or less, and the boundaries are shown and designated on a plat of a survey made by J. E. Brit, Surveyor, in April 1938, to which said plat reference is made for all purposes of identification and description.)[1]

The Walkers assert that there is no deed of record specifically conveying Lot 19X to Reynolds before 1963, and argue that Lot 19X therefore falls under the exception Reynolds set forth in the 1963 deed, and was not conveyed thereby. However, this ignores the fact that one of the deeds Reynolds received "from time to time" was the 1949 deed from Sapeloe Plantation, Inc., conveying all of Sapelo Island, necessarily encompassing Hog Hammock. Accordingly, the Authority asserted a claim of interest in the land adverse to that of

---

[1] This plat of survey has not been made part of the record on appeal.

the Walkers and had standing to challenge the Walkers' quiet title action. See OCGA § 23-3-60 et seq.; *Resseau v. Bland*, 268 Ga. 634, 635-636 (1) (491 SE2d 809) (1997); *Smith v. Ga. Kaolin Co.*, 264 Ga. 755, 756 (2) (449 SE2d 85) (1994).

2. In their quiet title petition, the Walkers stated that their interest in the property was "based on the possession, improvement, and maintenance of the property by Charles Walker and his heirs."

> To establish title by adverse possession, whether by twenty years or seven years under color of title, a party must show possession not originated in fraud that is public, continuous, exclusive, uninterrupted and peaceable, and accompanied by a claim of right. OCGA § 44-5-161 (a).

*Cooley v. McRae*, 275 Ga. 435, 436 (569 SE2d 845) (2002). The trial court specifically ruled that there was no evidence that "whatever activities were conducted on the property by Charles Walker and Jonathan Walker were done under a claim of right to ownership to the property."

The Authority urges that none of the evidence put forth by the Walkers shows the "state of mind" of either Charles Walker or Jonathan Walker regarding their right to own the property. This implies that to satisfy the requirement that prescription must occur under a claim of right, there must be direct evidence of the state of mind of those who are taking the actions that allegedly establish possession. However, the Authority cites no precedent for such a contention, and we find none. Rather,

> [t]he term "claim of right" is synonymous with "claim of title" and "claim of ownership." [Cit.] While this does not mean that the possession must be accompanied by a claim of title out of some predecessor, it does mean that there must be some claim of title in the sense that the possessor claims the property as his own.

*Ewing v. Tanner*, 184 Ga. 773, 780 (193 SE 243) (1937).

It must be remembered that this appeal is from a grant of summary judgment. In such a posture,

> the non-movant is not required to produce evidence demanding judgment for that party, but only to present evidence which raises a material issue of fact. . . . Where the evidence on motion for summary judgment is ambiguous or doubtful, the party opposing the motion must be given the benefit of all reasonable doubts and of all favorable infer-

ences and such evidence construed most favorably to the party opposing the motion. Furthermore, while a movant's evidence is to be carefully scrutinized, a respondent's evidence is to be treated with indulgence.

*Layfield v. Dept. of Transp.*, 280 Ga. 848, 850 (632 SE2d 135) (2006). Accordingly, the question is whether there is evidence allowing the reasonable inference that Charles and Jonathan Walker performed their acts on the property under some claim that the property was theirs.

The Walkers produced the October 23, 2007 affidavit of Nellie Butler, who averred that: she had been the common-law wife of Charles Walker; although Charles Walker lived on a different piece of property within the Hog Hammock community, Lot 19X was known as the Charlie Walker tract; Charles Walker used the property to raise crops and livestock from at least 1937 onward; Charles Walker fenced the property and erected storage buildings on it; from 1951 onward, when Jonathan Walker returned to the island from school, and, later, from the service, he assisted Charles Walker in maintaining Lot 19X; and Jonathan Walker continued to maintain it after the 1957 death of Charles Walker until 1969.[2]

The Walkers also submitted the affidavit of Nettie Evans, who averred that: she lived on the island from 1935 to 1946, when, having completed the seventh grade education available there, she left to continue her education; thereafter, she regularly visited the island to see her relatives; Charles Walker was married to her sister; Lot 19X was commonly referred to as "the Walker Place"; Charles Walker raised crops and livestock on Lot 19X at least until 1946; the property was fenced and had storage buildings on it; Jonathan Walker "attended to his father's land by tending to the animals and crops"; and after the death of Charles Walker, Jonathan Walker "regularly went to Sapelo Island, at least until 1969, to tend the gardens and property."[3]

---

[2] The Authority asserts that Butler's claimed status as a former common-law wife of Charles Walker requires that this Court compare the averments in her October 23, 2007 affidavit against her affidavit submitted with the petition to quiet title, in which she testified that Charles Walker's use of the property "covered a period of time, to my personal knowledge . . . from 1940 to 1957," and that this Court should construe her affidavit against her under the rule of *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 28-30 (1) (343 SE2d 680) (1986). While the Authority contends that her claimed status should make her a party to the quiet title action as an heir of Charles Walker, she has not, in fact, been joined in the action and the *Prophecy* rule does not apply to non-party witnesses. *Thompson v. Ezor*, 272 Ga. 849, 851-853 (2) (536 SE2d 749) (2000).

[3] In another affidavit, it was averred that Charles Walker died intestate and that his surviving children included Jonathan Walker. See *Blalock v. Redwine*, 191 Ga. 169 (2) (12 SE2d 639) (1940).

The failure of the Walkers to produce a deed, or even evidence of what a lost deed might have contained,[4] is not fatal to a claim of right; the term is not to be confused with "color of title." *Ewing*, supra. The Walkers' failure to produce an instrument of title merely removes their adverse possession claim from the operation of OCGA § 44-5-164, which allows for a prescription period of seven years when color of title is shown. Their claim for title by adverse possession thus falls under the 20-year prescription period of OCGA § 44-5-163. Continuous farming of property, the erection of fences, and the construction of buildings are indicia of possession. OCGA § 44-5-165; *Cheek v. Wainwright*, 246 Ga. 171, 172 (1) (269 SE2d 443) (1980). Accordingly, under the proper standard in this summary judgment case, with all inferences from the evidence construed most favorably toward the Walkers, evidence was produced raising a material question of fact as to whether Charles Walker and Jonathan Walker possessed the property for the requisite period of time under a claim of right. Thus, it was error to grant the Authority's motion for summary judgment.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 27, 2009.

*Donald O. Nelson*, for appellants.
*Brown, Readdick, Bumgartner & Carter, John E. Bumgartner, Steven G. Blackerby*, for appellees.

[4] The only evidence regarding a deed was elicited during the deposition of Jonathan Walker, who at one point in his testimony responds, "[n]o, no" to a question as to whether he "[knew] anything about a deed that [his father] might have had," but elsewhere in the deposition testifies that "I seen the deed," and that "[o]h yes, I have now" seen a deed to his father for property on Sapelo Island.