S13A0855. NELSON et al. v. GEORGIA SHERIFFS YOUTH HOMES, INC. et al.

(751 SE2d 783)

HINES, Presiding Justice.

Mary Jane Nelson and other litigants appeal the trial court's order granting summary judgment to the Georgia Sheriffs Youth Homes and other entities in this quiet title action. For the reasons that follow, we affirm.

This is the second appearance of this case before this Court. As we observed in *Nelson v. Ga. Sheriffs Youth Homes, Inc.*, 286 Ga. 192 (686 SE2d 663) (2009) (*"Nelson I"*), Mary Jane Nelson is the widow of James Nelson. She and her fellow litigants (collectively "the Nelsons") are heirs at law of James Nelson, and filed a petition pursuant to OCGA § 23-3-60 et seq., to quiet title to certain property in Troup County. Id. After the trial court granted summary judgment to claimants adverse to them, to wit, the Georgia Sheriffs Youth Homes, Inc. and the Georgia Department of Natural Resources, this Court remanded the case "to the trial court for the inclusion of findings of fact made by either the special master or the trial court upon which the judgment is based." Id. at 193. The trial court complied with this

---

[6] See *Rowe v. Coffey*, supra, 270 Ga. at 717-720 (Fletcher, P. J., and Sears, J., concurring specially).

directive and issued an order detailing the factual scenario upon which it based its order granting summary judgment, and the Nelsons now appeal.

In their singular enumeration of error, the Nelsons assert that the trial court erred in granting summary judgment without the final report of the special master being filed. As this Court has recognized, "[i]f no demand for a jury trial is filed prior to the time he hears the case, the special master is the arbiter of law and fact and decides all issues in the case." *Addison v. Reece*, 263 Ga. 631, 632 (1) (436 SE2d 663) (1993) (Citations and punctuation omitted.) And, when as here, there is a demand for a jury trial filed before the special master holds a hearing, the trial court has jurisdiction to proceed to trial. Id. Compare *GHG, Inc. v. Bryan*, 275 Ga. 336 (2) (566 SE2d 662) (2002) (The "demand for a jury trial was made after the hearing before the special master and, therefore, was untimely.") Although OCGA § 23-3-66 provides that the special master shall have jurisdiction to ascertain the validity of the petitioner's title, "there is no authority divesting the trial court's overall jurisdiction of the case. [Cits.]" *Harbuck v. Houston County*, 284 Ga. 4, 5 (1) (662 SE2d 107) (2008).

Nor does the fact that a demand for a jury trial was filed pursuant to OCGA § 23-3-66 mean that the trial court cannot grant summary judgment when warranted. Although the Nelsons note that the procedures governing cases brought under the Quiet Title Act take precedence over the procedures of the Civil Practice Act when there is a conflict, *Nelson I*, supra at 193, the trial court maintains jurisdiction to grant motions for summary judgment in quiet title cases. See *Harbuck*, supra. See also *Walker v. Sapelo Island Heritage Auth.*, 285 Ga. 194, 196-198 (2) (674 SE2d 925) (2009), reversing the grant of summary judgment. Accordingly, the Nelsons show no error in the trial court's grant of summary judgment against them.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 25, 2013.

*Jackie G. Patterson*, for appellants.
*Daniel W. Lee*, for appellees.