**WHOLE COURT**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**July 7, 2016**

# In the Court of Appeals of Georgia

A15A1706. WYATT et al. v. HIZER.

BRANCH, Judge.

Villa Hizer brought an action to quiet title against Greg and Beth Wyatt, who counterclaimed, and a special master was appointed to hear the issues. At the beginning of the ensuing hearing, which was not transcribed, the Wyatts presented a demand for a jury trial to the special master; nevertheless, the hearing proceeded, following which the special master made findings of fact and conclusions of law in favor of Hizer. The superior court then held a hearing regarding the effectiveness of the jury demand and found as a matter of fact that the Wyatts had not filed the demand prior to the special master's hearing. The court then adopted the special master's findings, and the Wyatts appeal. For the reasons that follow, we reverse.

The record shows that in her September 2012 complaint, Hizer alleged that she was the fee simple owner of Lot 2, Block 2 of the Buena Vista Brow Subdivision in Chattooga County, as shown on an August 23, 2012 plat referred to by the parties as the Campbell plat. Hizer alleged that the Wyatts claimed an interest in the same property and had entered onto the subject property without authorization. Hizer asked the court, among other things, to appoint a special master, to refer the proceeding to the special master, and to quiet title to Lot 2.

The Wyatts answered and filed a counterclaim in which they asserted that they were the owners of the subject property; they also alleged that the same property was shown as Lot 1 on a January 10, 2012 plat referred to by the parties as the Morrison plat and that they have an interest in the property as a result of a quit claim deed transferring that lot to them on June 14, 2012. The Wyatts alleged that the confusion between the two plats needed to be resolved, and they asked the court to declare that the Morrison survey showed the true location of the subject property and to eject Hizer from possession. The Wyatts also asked the court to appoint a special master and that the proceeding be referred to the special master.

Thereafter, the court appointed a special master, and he entered an order in which he assumed jurisdiction under applicable law and ordered each party to file

copies of the public record title documents for their respective chains of title for a minimum of 40 years or back to when the two properties were conveyed by a common grantor. The record shows that Hizer supplied record title documents in response to the special master's order, but the record does not clearly show what documents the Wyatts provided. In a brief, Hizer argued that the relevant issues could be determined from the documentary evidence but that in the alternative, the evidence would establish that Hizer had adversely possessed the property at issue sufficient to establish title. A hearing was then scheduled for June 13, 2013, at 9:30 a.m.

Neither party requested that the special master hearing be recorded, and no transcript nor any recreation of the events of the special master hearing has been provided to this court. But a "Demand For Jury Trial," prepared by the Wyatts and file-stamped June 13, 2013 (but not time-stamped), is contained in the trial court record; the Demand states that it was made "prior to the hearing of the Special Master"; it does not state that it was "filed" prior to the hearing. In their Demand, the Wyatts demanded a jury trial on "any disputed issue of fact." Hizer admitted in her post-hearing brief that

> [a]t the start of the [special master] hearing, but before oral testimony
> was given, attorney for Defendants Wyatt presented opposing attorneys

3

and the Special Master with an unfiled copy of a Demand for Jury Trial, stating that he wished to reserve the issue of adverse possession for determination by a jury.

Hizer also admitted that at the hearing, the Wyatts' counsel "made the statement that he was reserving the right of jury trial regarding defendants' claim of adverse possession." Four months after the hearing, the special master issued a report in favor of Hizer.

The Wyatts filed an objection to the special master's report and an additional request for a jury trial, to which Hizer objected. The Wyatts asserted that they

d[id] not take issue with the findings of the Special Master as to Hizer having title as to Lot 2 and Wyatts as to Lot 1 and agree that the issue is between the parties as to the boundary between Lot 1 and Lot 2 which is a question of fact that was reserved for jury determination.

The case was then set for a hearing in the superior court. At the hearing, Hizer explained that two affidavits of the clerk of court had been filed in the trial court record. In the first, the clerk averred that the Wyatts' first jury demand had been filed prior to the special master hearing on June 13, 2013. But in the second affidavit, the same clerk averred that his first affidavit was incorrect, and that, in fact, he had no knowledge to the effect that the jury demand was filed prior to the special master

4

hearing that day and that there was "no official record in [his] office that would reflect that it was filed prior to the Special Master hearing." At the hearing, counsel for the Wyatts stated that he did file the jury demand prior to the special master hearing and that he gave a copy to Hizer and the special master before the hearing.

The superior court took the matter under advisement and eventually entered an order adopting the special master's findings. With regard to the jury demand, the court found that to invoke their statutory right to a trial by jury and thereby divest the special master of jurisdiction, the Wyatts had to file the demand with the clerk prior to the special master hearing: "The filing of the jury demand is a jurisdictional action. The demand must be filed and stamped prior to the Special Master commencing the hearing to be effective." The court also found as a matter of fact that the second affidavit executed by the clerk indicated that the Wyatts had not filed a jury demand prior to the hearing. The Wyatts appeal from the trial court's order.

"[O]nce the trial court adopts the special master's findings and enters judgment, the court's decision is upheld by the appellate court unless clearly erroneous." *McGregor v. River Pond Farm*, 312 Ga. App. 652, 653 (1) (719 SE2d 546) (2011) (citation omitted). Conclusions of law are reviewed de novo. Id.; see also *McMillan v. Siver*, 233 Ga. App. 350, 352 (504 SE2d 208) (1998) ("[w]here a trial court . . .

5

makes a factual finding, the court's determination will be affirmed unless it is clearly erroneous") (citation omitted).

1. The Wyatts first contend the trial court erred by ruling that they failed to demand a trial by jury in a timely manner. As explained below, we find the trial court's determination to be clearly erroneous.

"When the trial court appoints a special master to hear a quiet title claim, the special master is the arbiter of law and fact and decides all the issues in the case unless a party to the proceeding demands a jury trial pursuant to OCGA § 23-3-66." *Paul v. Keene*, 272 Ga. 357, 358 (529 SE2d 135) (2000) (citations omitted). If such a demand "is timely made, the case must be submitted to a jury if a question of fact is presented by the evidence." Id. (citations omitted); *Addison v. Reece*, 263 Ga. 631, 632 (1) (436 SE2d 663) (1993).

The Code provides that after a petition to quiet title is filed, the trial court shall submit the same to a special master, OCGA § 23-3-63, who shall have jurisidiction to decide the matter but that any party to the proceeding may demand a jury trial of any question of fact:

> [T]he special master shall have complete jurisdiction within the scope
> of the pleadings to ascertain and determine the validity, nature, or extent
> of petitioner's title and all other interests in the land, or any part thereof,
> which may be adverse to the title claimed by the petitioner, or to remove

6

any particular cloud or clouds upon the title to the land and to make a report of his findings to the judge of the court; provided, however, any party to this proceeding may demand a trial by a jury of any question of fact; provided, further, that the master on his own initiative may require a trial by a jury of any question of fact.

OCGA § 23-3-66. OCGA § 23-3-66 does not state that the demand must be filed with the court prior to the special master hearing. Although no case directly so holds, the great majority of Supreme Court cases addressing the timing of a jury demand in a quiet title action state that the demand must be "filed" prior to the special master hearing.[1] But even assuming that such a demand must be filed with the court prior to the special master hearing, we find that the trial court erred.

---

[1] See, e.g., *Addison*, 263 Ga. at 631-632 (demand was timely that was "filed" "[b]efore the special master could hear the claim"); *Nelson v. Ga. Sheriffs Youth Homes*, 294 Ga. 228, 229 (751 SE2d 783) (2013) ("demand for a jury trial filed before the special master [held] a hearing" gave trial court jurisdiction); *Sacks v. Martin*, 284 Ga. 712, 714 (2) (670 SE2d 417) (2008) ("demand for jury trial must be filed prior to the time the special master hears the case") (citation omitted); *Brown v. Wilson*, 240 Ga. 856, 857 (1) (242 SE2d 603) (1978) (where party "failed to file her demand for a jury trial prior to the time the case was heard by a special master, her demand was untimely"); *Thornton v. REB Properties*, 237 Ga. 59 (226 SE2d 741) (1976) ("[i]f no demand is filed prior to the time he hears the case," the special master shall hear the case unless the special master requires a trial by jury on any question of fact). Compare *Paul*, 272 Ga. at 358 (demand for a jury trial "made" before the case was heard by the special master was timely); *Simmons v. Bearden*, 277 Ga. 800 (3) (596 SE2d 136) (2004) (party must "make" the demand "prior to the time that the special master hears the evidence") (citation omitted).

Here, both parties requested that a special master be appointed and that the matter be referred to the special master; accordingly, the special master gave notice that he was taking jurisdiction of the matter. The parties agree that the Wyatts presented a demand for a jury trial to Hizer and the special master before the hearing, but disagree as to whether the Wyatts filed the demand with the clerk before the special master hearing. The Wyatts presented a statement from their counsel that he filed the demand before the hearing and "an attorney takes an oath upon admission to the bar and is deemed to speak the truth and to be bound by his statements in open court as a failure in this might disbar him." *Thomas v. Scott*, 221 Ga. 875, 877 (7) (148 SE2d 300) (1966); *Gould v. State*, 315 Ga. App. 733, 734 (2) (726 SE2d 432) (2012) (same regarding "unsworn statements made by his counsel during the hearing").

In response, Hizer presented the affidavit of the court clerk who failed to present any direct testimony to rebut the Wyatts' attorney's statement. Rather, the clerk averred only that he had no knowledge as to whether the demand was filed prior to the hearing and that he had no official record that would prove that the Wyatts' counsel filed the demand prior to the hearing. He did not aver that his records were capable of showing what time a document was filed, that he knew what time the

8

hearing was held, or that he had a record that would show that the demand was filed

*after* the commencement of the special master hearing. Thus, the affidavit did not

contradict Wyatts' counsel's statement. It created "at best, a mere inconclusive

inference insufficient to [create an issue of fact]." *Hicks v. Heard*, 286 Ga. 864, 865

(692 SE2d 360) (2010); see also *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776,

781, 257 SE2d 186 (1979) ("When a party is relying on inferences to prove a point,

not only must those inferences tend in some proximate degree to establish the

conclusion sought, but [they] must also render less probable all inconsistent

conclusions." "In cases of circumstantial evidence a mere inconclusive inference . .

. is not to be regarded as any evidence.) (citation and punctuation omitted).[2]

The trial court therefore clearly erred by finding as a matter of fact that the

demand for a trial by jury was not filed before the commencement of the special

master's hearing. We therefore reverse the trial court's order finding that the jury

---

[2] In its order, the trial court indicated only that it relied on the second affidavit of the clerk of court, which, as shown above, was clearly erroneous; it did not reference the statement made by the Wyatts' attorney during the trial court hearing upon which the dissent relies. Moreover, that statement is nothing more than a representation of the issue before the court, not an admission of any facts.

demand was ineffective. We reserve for remand, however, the scope of the jury demand. See OCGA § 23-3-66 (only issues of fact require a jury).[3]

2. The Wyatts' remaining enumerations of error ask this court to conclude that the trial court erred by adopting the findings of the special master. Because the special master's findings include resolution of questions of fact, we also reverse the trial court's adoption of those findings and remand for further proceedings consistent with this opinion.

*Judgment reversed. Andrews, P. J., Dillard and Peterson, JJ., concur. Ray, J., concurs in judgment only. Ellington, P. J., Phipps, P. J., and Mercier, J., dissent. Doyle, C. J., dissents without opinion.*

---

[3] The dissent's concern with the lack of a transcript of the special master hearing is premature. The trial court's determination that the Wyatts failed to timely file their jury demand was not based on events that occurred at the special master hearing but rather on what occurred prior to the hearing, i.e., whether the Wyatts had failed to file the jury demand prior to the hearing. On remand, as we have already stated, the trial court must resolve the scope of that demand, which may raise issues regarding what occurred at the special master hearing.

A15A1706. WYATT et al. v. HIZER.

ELLINGTON, Presiding Judge.

I respectfully dissent.

The record shows that in 2012 the Wyatts requested that a special master be appointed to hear Hizer's quiet title action. By mail sent on June 5, 2013, at which point the Wyatts had never yet requested a jury, the Wyatts' attorney served Hizer a notice of hearing, stating that they would bring the action on for hearing before the special master on June 13, 2013; the notice of hearing made no reference to any jury demand. The special master heard the case as scheduled and issued a written report that was filed on October 23, 2013. The report recites that the hearing was scheduled for June 13, 2013, by agreement of the parties and held that day. The special master determined that fee simple title should be vested in Hizer as to a disputed lot. The special master noted that the hearing was not transcribed because neither side requested a court reporter. The report makes no mention of any jury demand and makes no mention of any issues being reserved for a jury.

Afterward, Hizer requested that the special master's findings of fact and conclusions of law be made the order of the superior court. The Wyatts filed a written

"Objection to Special Master Report and Request for a Jury Trial," contending that a jury is necessary to determine the correct placement of the boundary between their lot and Hizer's lot. They averred that, "[p]rior to the beginning of the hearing by the Special Master," they "filed a demand for jury trial of any question of fact[,]"[1] and that the boundary issue "is *now* reserved for jury determination." (Emphasis in original.) Hizer countered that the Wyatts failed to show that they filed their jury demand prior to the hearing before the special master.

At the hearing on the Wyatts' objection, the trial court received two contradictory affidavits executed by the clerk of court. In the first affidavit, the clerk deposed that the Wyatts filed their jury demand prior to the special master hearing. In the second affidavit, the clerk deposed that he had no personal knowledge of

---

[1] See OCGA § 23-3-66, which provides:
Upon reasonable notice to the parties, after proof of serving notice as required by this article has been filed and after the appointment of the disinterested person as representative where required, the special master shall have complete jurisdiction within the scope of the pleadings to ascertain and determine the validity, nature, or extent of petitioner's title and all other interests in the land, or any part thereof, which may be adverse to the title claimed by the petitioner, or to remove any particular cloud or clouds upon the title to the land and to make a report of his findings to the judge of the court; provided, however, any party to this proceeding may demand a trial by a jury of any question of fact; provided, further, that the master on his own initiative may require a trial by a jury of any question of fact.

2

whether the jury demand was filed before the hearing and that no official record in his office would reflect that it was filed before the hearing. At the hearing, the Wyatts' attorney stated in his place that the jury demand was filed in the clerk's office prior to the hearing. But the attorney also stated, "I think that . . . you have to look carefully in the words that [Hizer's attorneys] are using. They had a copy of the demand for trial. Special Master had a copy of demand for trial prior to the hearing; he actually put his copy in the file. The issue for [Hizer's attorneys] is, is whether or not [the clerk of court] stamped it 'filed' at the courthouse and filed it prior to the hearing. I think that's a bit much in this case." The trial court could have reasonably construed this statement as an admission that the Wyatts served copies at the hearing, but only filed the jury demand in the clerk's office later that day, and an argument that the timing of the filing was irrelevant.

After hearing this inconclusive and somewhat conflicting evidence, and without the benefit of a transcript of the special master hearing and subject to the resulting presumption that the special master's conduct of the hearing was lawful,[2]

---

[2] *Davenport v. Smith*, 157 Ga. App. 870, 871 (278 SE2d 691) (1981) ("In the absence of a transcript, we must assume that" a party made any showing required for the relief requested, "for there is a presumption that a trial judge performed faithfully and lawfully the duties devolving upon him by law, and enumerations of error dependent upon consideration of evidence heard by a trial court will, absent a transcript, be affirmed.") (citation omitted).

3

the trial court sitting as a trier of fact found that the Wyatts' jury demand was not effective, that is, actually filed with the clerk of court prior to the special master hearing. In the absence of evidence conclusively establishing the contrary, I would defer to the trial court's finding of fact in this regard. Moreover, even if the Wyatts did in fact file their jury demand in the clerk's office before the hearing, the special master's report shows that they participated in the hearing and offered evidence in support of their position. In the absence of a transcript of the hearing, it cannot be determined whether they acquiesced in or objected to the special master's exercise of jurisdiction or whether they took or failed to take appropriate action to preserve for appellate review any error in not reserving issues for the jury. For these reasons, I conclude that the Wyatts failed to carry their burden on appeal of showing error by the record, and I would affirm. See *Smith v. Chemtura Corp.*, 297 Ga. App. 287, 293 (5) (676 SE2d 756) (2009) ("It is well established that the burden is on the party alleging error to show it by the record and that where the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm.") (punctuation and footnote omitted).

I am authorized to state that Presiding Judge Phipps and Judge Mercier join in this dissent.

4