**FIFTH DIVISION
MCFADDEN, P. J.,
RAY and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 11, 2018**

# In the Court of Appeals of Georgia

A17A0181. BENNETT v. THE STATE.                     McF-007C

MCFADDEN, Presiding Judge.

Denzel Bennett was convicted of burglary in a bench trial on stipulated facts. He appeals the denial of his motion to suppress evidence stemming from a DNA (deoxyribonucleic acid) sample taken from him when he was incarcerated as a first offender on another offense. He argues that the evidence is inadmissible because he was a first offender when the Georgia Bureau of Investigation ("GBI") analyzed the DNA sample and created and entered his DNA profile into a database. We disagree. Under the plain language of the First Offender Act in effect at the time, Bennett was deemed to have been convicted while he was incarcerated, and therefore, his DNA had to be collected and analyzed under the DNA statute. So we affirm.

1. *Facts.*

On August 1, 2013, Bennett entered a plea as a first offender to one count of burglary. He was sentenced to five years, the first three years to be served in confinement and the remainder to be served on probation. When Bennett came into the custody of the Georgia Department of Corrections, the department obtained a DNA sample from him and submitted it to the GBI crime lab. Lab personnel process such a sample to develop a DNA profile, which they enter into the DNA database known as CODIS. (CODIS is an acronym for the Combined DNA Index System, a national database of DNA profiles. *Daniels v. State*, 298 Ga. 120, 122 (779 SE2d 640) (2015).)

On November 15, 2013, the Richmond County Sheriff's Office received notice from the crime lab that Bennett's DNA matched the DNA of blood found at the scene of a 2010 burglary. The perpetrator of that burglary had never been identified. A sheriff's investigator compared Bennett's fingerprints to fingerprints obtained at the 2010 crime scene and confirmed that they matched. Bennett was indicted for the 2010 crime.

After the trial court denied his motion to suppress, Bennett and the state stipulated to the facts. The trial court convicted Bennett and sentenced him to ten

years, two years to be served in confinement and the remainder to be served on probation. Bennet filed this appeal.

2. *The entry of Bennett's DNA profile into CODIS*.

Bennett argues that the entry of his DNA profile into CODIS was not authorized by OCGA §§ 35-3-160, a provision of the DNA Act, and 42-8-65 (c), a provision of the First Offender Act.

OCGA § 35-3-160 (b) provides:

> Any person convicted of a felony offense who is held in a detention facility or placed on probation shall at the time of entering the detention facility or being placed on probation have a sample of his or her blood, an oral swab, or a sample obtained from a noninvasive procedure taken for DNA (deoxyribonucleic acid) analysis to determine identification characteristics specific to the person. . . . It shall be the responsibility of the detention facility detaining or entity supervising a convicted felon to collect the samples required by this Code section and forward the sample to the [Division of Forensic Sciences of the Georgia Bureau of Investigation] unless such sample has already been collected by the department or another agency or entity.

OCGA § 35-3-160 (c) requires the Division of Forensic Sciences to perform the analysis of the sample. The statute requires the GBI to store and maintain in a DNA

data bank the identification characteristics of the profile resulting from the DNA analysis. CODIS is the DNA data bank used by the GBI.

At the time Bennett's DNA sample was taken, the First Offender Act provided:

Notwithstanding any other provision of this article, any person who is sentenced to a term of confinement pursuant to [the First Offender Act] shall be deemed to have been convicted of the offense during such term of confinement for all purposes except that records thereof shall be treated as any other records of first offenders under this article and except that such presumption shall not continue after completion of such person's confinement sentence. . . .

OCGA § 42-8-65 (c) (2013). (The current version of the statute does not deem a person serving a first offender's sentence to be "convicted." It now provides that such a person "shall *not* be deemed to have been convicted. . . ." OCGA § 42-8-65 (c) (2015) (emphasis supplied); see 2016 Ga. Law p. 443, § 6A-1. )

Under the plain language of these statutes, during his incarceration as a result of his first offender plea, Bennett was deemed to have been convicted of burglary, a felony. So the Department of Corrections was required to take a DNA sample and forward it to the GBI, and the GBI was required to analyze it and maintain and store the profile. "Neither the DNA statute [n]or the First Offender Act indicate that incarcerated persons sentenced under the First Offender Act—who[, at the relevant

4

time, were] deemed to [have been] convicted during their incarceration, OCGA § 42-8-65 (c)—are exempt from the requirements of the DNA [A]ct." *United States v. Hinton*, 113 FSupp3d 1277, 1284 (N.D. Ga. 2015). See *Davis v. Ga. Dept. of Corrections*, 2009 U.S. Dist. LEXIS 52532 (N.D. Ga., Case No. 2:08-CV-59-RWS, decided June 18, 2009) (civil rights plaintiff's claim for Fourth Amendment violations was subject to dismissal because plaintiff, who was a first offender, was deemed a convicted felon at all times during the period she served her term of confinement in prison and as "an incarcerated, convicted felon, [p]laintiff was therefore required to submit a DNA sample to GDOC for analysis and storage in a GBI data bank").

Bennett argues that OCGA § 42-8-65 (c) (2013) expressly required the records of incarcerated first offenders to be treated in the same manner as the records of non-incarcerated first offenders and that an incarcerated first offender's DNA profile is a record. So, according to Bennett, the DNA profile created though the analysis of a DNA sample of an incarcerated first offender should not be entered in CODIS. This argument is not persuasive, given the plain language of the statutes.

And, the "records" protected by the First Offender Act are the "first offender records," such as sentencing and plea documents. See *Matthews v. State*, 268 Ga. 798,

5

801-802 (4) (493 SE2d 136) (1997). Cf. OCGA § 42-8-62.1 (2016) (later-enacted statute describing the records subject to restriction under the First Offender Act upon defendant's petition to limit *public* access to include, inter alia, the "criminal file, docket books, criminal minutes, final record, all other records of the court, and the defendant's criminal history record information in the custody of the clerk of court" and defining by reference criminal history records to include "criminal file, docket books, criminal minutes, final record, all other records of the court, and the defendant's criminal history record information in the custody of the clerk of court").

3. *The disclosure of the CODIS analysis and comparison of Bennett's DNA to the sample from the crime scene*.

Bennett argues that although OCGA § 35-3-163 authorizes the GBI to release its analysis of DNA samples lawfully obtained, here Bennett's sample was not lawfully obtained, so the GBI could not release it. This argument is a corollary to the argument we rejected in Division 2. So we reject it here as well. As described in Division 2, Bennett's DNA sample was lawfully obtained.

4. *Bennett's Fourth Amendment waiver*.

Bennett argues that his Fourth Amendment waiver, a special condition of his first-offender probation, does not encompass the collection of his DNA sample. Our

6

Supreme Court has held that the statutory requirement that a convicted felon provide a DNA sample "does not unconstitutionally violate the privacy rights and search and seizure rights of convicted felons incarcerated in [s]tate correctional facilities." *Quarterman v. State*, 282 Ga. 383, 386 (3) (651 SE2d 32) (2007). See also *United States v. Hinton*, 676 Fed. Appx. 842, 846 (11th Cir. 2017) (holding that, under the former version of the First Offender Act, which deemed incarcerated first offenders to be convicted, "uploading, retaining and running a comparison of [first offender's] DNA profile in CODIS was reasonable and did not violate the Fourth Amendment"). Because Bennett's Fourth Amendment rights were not violated, whether his Fourth Amendment waiver encompasses the collection of his DNA sample is immaterial.

5. *Equal protection.*

Bennett argues that the former version of the First Offender Act violated equal protection guaranties because it treated incarcerated first offenders differently than first offenders who were not given sentences of incarceration. Although Bennett raised the issue in his pleadings in the trial court, the trial court did not rule on it in the order denying the motion to suppress.

When the case was docketed in this court, we determined that jurisdiction was in our Supreme Court because of the constitutional challenge to the statute. So we

7

transferred the appeal. However, the Supreme Court returned the appeal to us —

instead of remanding it to the trial court for a ruling — because the trial court had not

ruled on the constitutional issue. Like our Supreme Court, we will not "rule on a

constitutional question unless it clearly appears in the record that the trial court

distinctly ruled on the point." *GHG, Inc. v. Bryan*, 275 Ga. 336, 337 (566 SE2d 662)

(2002) (citation and punctuation omitted).

We note, however, that in *Quarterman v. State*, 282 Ga. 383, 384-386 (1) (651

SE2d 32) (2007), our Supreme Court rejected an equal-protection challenge to former

OCGA § 24-4-60, the predecessor to OCGA § 35-3-160. Quarterman argued, among

other things, that the statute treated convicted felons incarcerated in state prisons

differently than convicted felons not incarcerated in state prisons.

*Judgment affirmed. Ray and Rickman, JJ., concur.*