## 77751. HUNT v. LEE.
(379 SE2d 215)

BEASLEY, Judge.

Plaintiff Hunt appeals an order dismissing notices of appeal in this suit against his former wife, Lee.

Hunt filed suit alleging, *inter alia*, that pursuant to the divorce settlement, he had an interest in certain assets, including real property titled in Lee. Lee moved for summary judgment, which the court granted in part, concluding that Hunt had no interest in the subject real property and dismissing with prejudice that portion of the complaint.

Hunt filed a "Motion for New Trial or in the alternative Motion for Amendment of Finding of Fact and Conclusion of Law" on June 9. The motion was denied on July 1. On July 15, Hunt filed a notice of appeal from the grant of partial summary judgment. On this same day, he filed a "Motion to Schedule Hearing to Expand Record," allegedly to "create an accurate record" inasmuch as no transcript was made of two hearings in the case. He also filed a "Motion for Hearing" asking for an accounting of assets which he contended were held

by Lee in an implied trust.

Lee moved to dismiss Hunt's appeal as untimely on July 31. On August 17, Hunt filed a "Renewed Motion for a New Trial and Motion for Amendment of Finding of Fact and Conclusion of Law." Lee moved for summary judgment on the balance of the complaint on September 3.

The court, on September 21, denied Hunt's three motions and, pursuant to OCGA § 9-11-54 (b), directed entry of final judgment on the issues ruled on in the May 27 order, finding no just reason for delaying such. The court further noted that it had given Hunt every opportunity to litigate his claims and had extended deadlines and made other procedural concessions because Hunt was representing himself. It observed that the situation was rapidly becoming unfair to Lee, and having been warned, Hunt was to be held to the requirements of the law.

Hunt appealed the September 21 order on October 5. On December 2, the trial court dismissed the July 15 notice of appeal as too late. The next day, the court denied Lee's second motion for summary judgment and for a protective order and appointed an auditor to investigate and report.

On February 19, 1988, Lee moved to dismiss the October 5, 1987 appeal because of the delay in filing the transcript, relying on OCGA § 5-6-42.

On May 2, the court reiterated the dismissal of the July 15 appeal as untimely. It also dismissed the October 5 appeal. The court cited the language in the later notice which stated: "Transcript of evidence and proceeding will be filed for inclusion in the record on appeal." The court concluded that the promised transcript was not filed within thirty days as required by OCGA § 5-6-42 nor was an extension obtained pursuant to OCGA § 5-6-39, that apparently there was no transcript to be obtained, and that through Hunt's representation that a transcript would be filed, the appeal was unreasonably and inexcusably delayed.

In his brief on appeal, Hunt enumerates five errors which all involve the propriety of dismissal of the October 5 notice. He has not filed a separate enumeration of errors. See Court of Appeals Rule 27. Neither by argument nor by citation of authority does he address that portion of the order repeating dismissal of the July 15 appeal, so we do not address it either. Court of Appeals Rule 15 (c) (2); *Melton v. Gilleland & Sons*, 176 Ga. App. 390 (1) (336 SE2d 315) (1985).

The gravamen of appellant's argument is that his efforts were ongoing to establish a transcript for appeal and that the trial court erred in denying him the opportunity to expand the record and in ultimately finding that he unreasonably and inexcusably delayed the appeal because of the unfulfilled notice that a transcript would be

filed for inclusion.

The court did not err in denying appellant an attempt to schedule a hearing to expand the record under the provisions of OCGA § 5-6-41 (f). Apparently the hearings for which Hunt desired to expand the record were those on the motion for summary judgment. As the court observed in its order of denial, there was no necessity to reconstruct a record of these hearings because the issues to be decided are matters of law. OCGA § 9-11-56. See *Bowman v. U. S. Life Ins. Co.*, 167 Ga. App. 673, 676 (2) (307 SE2d 134) (1983) discussing the purpose of summary judgment. In addition, the order states that Hunt was not denied the opportunity to have a court reporter present but chose not to exercise that right. Finally, it relates that the record reflected all evidence which was properly before the court for consideration of the motion for summary judgment. Consequently, no evidence supplementing the record would be permissible. OCGA § 5-6-41 (f).

OCGA § 5-6-48 (c) requires an exercise of discretion by the trial court. *Strother v. C & S Nat. Bank*, 147 Ga. App. 140, 141 (248 SE2d 204) (1978). The determination of unreasonable and inexcusable delay by the appealing party is a fact issue for the court. *Johnson v. Clements*, 135 Ga. App. 495, 496 (1) (218 SE2d 109) (1975). Its " 'decision on this issue will be reversed only for an abuse of discretion. [Cit.]' [Cit.]" *Ballenger Corp. v. Dresco Mechanical Contractors*, 156 Ga. App. 425, 428 (II) (A) (274 SE2d 786) (1980).

Even though the trial court denied expansion of the record on September 21, appellant declared in the October 5 notice of appeal that a transcript would be forthcoming. Assuming that the transcript referred to is that which was the subject of the motion to expand the record, for there is no indication in the record of any other possible transcript, the appellant delayed transmittal of the record for something which could not be produced.

The trial court did not abuse its discretion in dismissing the October 5 appeal. OCGA § 5-6-48 (c).

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 21, 1989.

Hugh Hunt, *pro se.*
Harris, Phillips & Harris, R. Britt Harris, Jr., for appellee.