A00A0809. SADEGHY v. THE STATE.
(529 SE2d 446)

MCMURRAY, Presiding Judge.

Defendant, pro se, was convicted by a Fulton County jury of one count of simple battery.[1] The state court denied his motion for new trial, and he now appeals through counsel, contending that: (1) the trial court erred in denying defendant's motion for new trial "since no record exists and statements by the trial court support the argument that a valid waiver [of the right to counsel] was not made in the instant case . . . [,]" and (2) the evidence was insufficient to support his conviction. *Held*:

1. There is no motion of record wherein defendant sought an order of the trial court requiring that matters not reported in the trial court be reported. OCGA § 5-6-41 (d) ("Where matters occur which were not reported, . . . the court, upon motion of either party, shall require that a transcript of these matters be made and included as a part of the record."). Neither is a stipulation of pertinent portions of the record or an order of findings of fact entered by the trial judge with the record on appeal. OCGA § 5-6-41 (g). "Without a tran-

---

688); *State v. Harman*, 165 W. Va. 494 (270 SE2d 146); *Application of Grand Jury &c. of New York*, 8 Mass. App. Ct. 760 (397 NE2d 686).

[1] The jury found the defendant not guilty of a second count of simple battery brought by the two-count accusation.

script to review, this court must assume as a matter of law that the evidence presented at trial supported the court's findings. [Cit.]" *Johnson v. State*, 261 Ga. 678, 679 (2) (409 SE2d 500); *Keown v. State*, 236 Ga. App. 517 (512 SE2d 391). Having no evidence that supports defendant's waiver of counsel claim, we conclude that the trial court did not err in permitting defendant to represent himself at trial upon an intelligently given waiver of the right to counsel.

2. Defendant's challenge to the sufficiency of the evidence is likewise without merit. Defendant appears to argue the defense of self-defense pointing to evidence at trial which, among other things, established that: (1) the victim did not deny striking the defendant while wanting to be rid of him; (2) a state's witness not present when the fight began testified he did not know how the fight had begun; (3) no pictures of a bleeding nose were in the police report; (4) the responding police officer was not told of any injury upon arriving on the scene of the incident; and (5) the defendant testified as to the injuries he sustained in defending himself.

Briefly, the evidence shows that the victim asked to escort Nosratolah Etezadi-Tabrizi and his family from a concert for the local Persian community at an Atlanta hotel, feeling it necessary to do so after separating the defendant from Tabrizi in a dispute earlier in the evening. As defendant approached the departing group, the victim warned the defendant that "I asked you one time before just to stay away from this guy, let him pass through; he's with his wife and his daughter." The defendant responded by striking the victim in the face and breaking two of the victim's teeth.

It is the jury, not this Court, whose duty it is to decide conflicts in the evidence. "This Court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses." (Citation and punctuation omitted.) *Porter v. State*, 233 Ga. App. 337, 339 (503 SE2d 912). Here the jury chose to believe the victim. Viewed in the light most favorable to the verdict, the evidence was sufficient to authorize a rational trier of fact to find the defendant guilty of simple battery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Walton v. State*, 225 Ga. App. 701, 702 (484 SE2d 765).

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED FEBRUARY 10, 2000.

*Patrick G. Longhi*, for appellant.
Mohammad K. Sadeghy, *pro se.*

*Carmen D. Smith, Solicitor, Jody L. Peskin, Cynthia Strong-McCarthy, Assistant Solicitors*, for appellee.