## S00A0525. JENKINS v. EDELHERTZ.
(532 SE2d 94)

HINES, Justice.

This is an appeal from a final judgment and order approving and adopting the report of the special master in this action to quiet title to real property, which was seized and sold by the United States Internal Revenue Service (IRS) for the nonpayment of federal income taxes. The sole issue is the propriety of the tax sale conducted outside the county where the property is located. Finding no showing that the sale violated the "place of sale" provisions of the United States Internal Revenue Code, 26 USC § 6335 (d), or the Code of Federal Regulations, 26 CFR § 301.6335-1 (c) (1), we affirm.

Doris Jenkins became the owner of the subject real property in Fulton County on or about December 28, 1989. She subsequently was delinquent in paying federal income taxes, and thereafter, the property was seized by the IRS for nonpayment of taxes. The tax sale was conducted at the IRS office in DeKalb County. Three bidders appeared and sought to purchase the property; it was sold to Edelhertz, the high bidder, for $37,200, more than twice as much as the minimum bid set by the IRS.

Jenkins and her husband filed suit in the Superior Court of Fulton County to quiet title to the property, Edelhertz counterclaimed to quiet title, and a special master was appointed to hear the

case.[1] See OCGA § 23-3-60 et seq. The special master found that the tax sale was valid and that Edelhertz was owner of the contested property. The superior court approved and adopted the special master's findings and conclusions regarding the propriety of the sale and title to the property, and entered a final judgment in favor of Edelhertz.[2]

Ms. Jenkins appeals based on provisions of 26 USC § 6335 (d) and 26 CFR § 301.6335-1 (c) (1). 26 USC § 6335 (d) reads in pertinent part, "The place of sale shall be within the county in which the property is seized, except by special order of the Secretary." 26 CFR § 301.6335-1 (c) (1) states, "The place of sale shall be within the county in which the property is seized, except that if it appears to the district director under whose supervision the seizure was made that substantially higher bids may be obtained for the property if the sale is held at a place outside such county, he may order that the sale be held in such other place." Jenkins contends that the sale of her property was invalid because the sale was moved from Fulton County to DeKalb County for "security" reasons, which is not an authorized reason to move the sale; there was no evidence of any "security" reason "other than some personal psychological feeling of the IRS agent who conducted the sale"; and regardless of the agent's reason for moving the sale site, he never obtained the proper authority to do so from the District Director. But, the contentions are unavailing.

Jenkins' claims are grounded in the evidence before the special master, and because no evidence or transcript has been provided for appellate review, this Court must presume that the trial court's factual findings, adopted from the special master's, are correct.[3] *Vaughan v. Buice,* 253 Ga. 540 (322 SE2d 282) (1984); *Mosley v. Loan Servicing Enterprise,* 241 Ga. App. 182 (525 SE2d 381) (1999); *Mitchell v. Speering,* 239 Ga. App. 472, 474 (521 SE2d 419) (1999). See also *Wheat Enterprises v. Redi-Floors,* 231 Ga. App. 853, 859 (4) (501 SE2d 30) (1998). And such findings belie Jenkins' challenge. The special master found that there was uncontroverted testimony by the IRS officer in charge of the case that the Revenue Officer Group Manager has the delegated authority of the District Director of the Internal Revenue Service to conduct the sale of seized property in a place other than that where the property was seized;[4] that the Reve-

---

[1] Subsequently, the Jenkinses voluntarily dismissed their claims against Edelhertz, and the determination of quiet title proceeded on the counterclaim.

[2] The court did not adopt findings and conclusions pertaining to an award of attorney fees.

[3] The office of the Clerk of the Superior Court of Fulton County has certified that a transcript of the special master's hearing has not been filed of record in the case.

[4] Jenkins has failed to provide persuasive authority for the proposition that the "place of sale" determination could not, as a matter of law, be delegated by the District Director.

nue Officer Group Manager's authorization for the sale of the property to take place in DeKalb County appeared on the public auction notice, which was admitted into evidence without objection; that the sale of seized property is generally and regularly conducted at the IRS office in DeKalb County for many reasons including but not limited to that needed security is in place at that location and it provides a safe and more conducive environment for such sales to be conducted; and that the IRS officer testified to many reasons for conducting the sale at issue in DeKalb County rather than Fulton County including that it was believed that substantially higher bids would be obtained by conducting the sale in DeKalb County.[5] And as the special master and the superior court concluded, this was borne out by the number of bidders who actually attended the sale and the much-higher-than-minimum price obtained for the property.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 12, 2000.

*Glenville Haldi, Lowell H. Becraft, Jr.,* for appellant.
*Blanton & Alembik, C. Terry Blanton,* for appellee.

---

[5] Other findings included that Jenkins received personal notice of the tax seizure; the IRS officer served Jenkins with personal notice of the sale; the sale notices all indicated that the sale would be conducted at the IRS office in DeKalb County; the IRS officer conducted the sale as specified in the notices; and Jenkins stipulated that the sale was conducted in compliance with all requirements of the Internal Revenue Code except those regarding the location of the sale.