S03A1856. GOTEL et al. v. THOMAS et al.

(592 SE2d 78)

HUNSTEIN, Justice.

This is an appeal from a final judgment adopting the report of the special master in an action to quiet title to approximately five acres of land in Jasper County, Georgia. Finding no error, we affirm.

Title to the five-acre tract of land can be traced to an 1881 deed in the name of Sallie Beck Thomas. In 1931, Sallie Beck Thomas died intestate. After her husband died intestate, their daughter, Mary Thomas Scott, came into the property. Mary Thomas Scott, who died intestate, left one child, Joseph Thomas, Sr., who had children by two marriages. Appellant Curtis Gotel is the widower of Mattie Bell

---

Thomas Gotel, the daughter of Joseph Thomas, Sr. from his first marriage. Appellants Patricia and Lillie Gotel are the children of Curtis and Mattie Bell Gotel. The late Joseph Thomas, Jr. and appellee Dozier Thomas are sons of Joseph Thomas, Sr. from his second marriage. Appellee Catherine Thomas is the widow of Joseph Thomas, Jr. Appellees Ethel and Mary Thomas are the children of Joseph Thomas, Jr. and Catherine Thomas. Appellees Catherine, Ethel, and Mary Thomas live in dwellings located on the five-acre tract, as do appellants Curtis, Patricia, and Lillie Gotel. At no time have any of the parties held title to the five-acre tract in his or her name.

Joseph Thomas, Sr. died testate in 1988. Dozier Thomas was named as the executor of his father's estate. In 1999, appellants filed a petition to quiet title to the five-acre tract contending that Mary Thomas Scott's interest in the property was given to Mattie Bell Gotel as a gift. In support of their claim, they produced an unsigned handwritten note, purportedly written by Mary Thomas Scott. Dozier Thomas, in his capacity as executor of Joseph Thomas, Sr.'s estate, filed an answer denying appellants' claims and counterclaimed seeking a declaration that the subject property was owned by the estate. Appellees Catherine, Ethel, and Mary Thomas also filed responsive pleadings denying appellants' claims. The claims were submitted to a special master and a three-day hearing was held, during which Dozier Thomas stated he had no objection to an award to Curtis Gotel of the .65 acre parcel on which Curtis Gotel had lived for fifty years and appellants sought to quiet title only to those tracts of land where their homes were located. At the conclusion of the hearing, the special master awarded Curtis Gotel the .65 acre lot upon which he lived, awarded Catherine Thomas the .80 acre lot upon which she lived, and awarded the remainder of the property to the estate of Joseph Thomas, Sr. The Superior Court of Jasper County adopted the special master's recommendation and appellants appealed.

Appellants contend that the special master's findings and the trial court's judgment are erroneous based on an estoppel argument raised for the first time on appeal. Accordingly, we cannot address appellants' argument. See *Pfeiffer v. Georgia Department of Transportation*, 275 Ga. 827, 828 (573 SE2d 389) (2002). Furthermore, appellants' claims are grounded in the evidence and arguments raised before the special master and no transcript of the proceedings before the special master was provided for appellate review.[1] Thus,

---

[1] The office of the Clerk of the Superior Court of Jasper County certified that a transcript of the special master's hearing was not filed of record and the record in this Court contains neither the transcript from the hearing before the special master nor a transcript of the hearing in the superior court.

this Court cannot review the findings of the special master upon which the trial court's judgment is based and the judgment of the trial court is affirmed. See *GHG, Inc. v. Bryan*, 275 Ga. 336 (4) (566 SE2d 662) (2002); *Jenkins v. Edelhertz*, 272 Ga. 480 (532 SE2d 94) (2000).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 20, 2004.

*John L. Strauss*, for appellants.
*Ronny E. Jones*, for appellees.