S04A0956. SIMMONS v. BEARDEN et al.
(596 SE2d 136)

THOMPSON, Justice.

Appellant J. E. Simmons filed a petition to establish title to a small tract of land which lies along the border of Webster and Marion Counties, by virtue of a series of deeds and by reason of adverse possession. Appellee James Bearden defended the action, asserting that he acquired fee simple title by and through a series of conveyances beginning in 1954, and that he and his predecessors in title have peacefully and exclusively occupied the property since that time.

Pursuant to OCGA § 23-3-63, the trial court submitted the matter to a special master who gave notice to the parties and heard evidence. Because the parties elected to proceed without a court reporter, there is no transcript of the proceedings. The special master concluded that Bearden was vested with fee simple title by virtue of a series of recorded deeds establishing a chain of title in him and his predecessors in title, subject to an easement which Bearden granted to appellee Alltel Georgia Communications. The trial court adopted the report of the special master. We affirm.

1. Simmons asserts that the trial court erred in adopting the report of the special master because his claim of prescriptive title by adverse possession as raised in his verified petition, was neither considered nor ruled on below. The record before the Court belies this contention. The special master expressly addressed the claim and made findings that although the owners through whom Simmons claims title placed a fence along the property, the uncontroverted evidence established that those individuals never disputed Bearden's ownership in the subject property or the ownership of his predecessors in title. In addition, contrary to the allegations in the petition, the special master expressly found that Simmons never used the property, farmed it, cut timber, planted trees, or raised cattle on it. Thus, Simmons' claim of adverse possession was expressly considered and rejected below. Compare *Walker v. Hill*, 253 Ga. 126 (3) (317 SE2d 825) (1984) (where no express findings are entered on an issue raised in a quia timet proceeding, the judgment must be reversed and the case remanded for findings and conclusions).

2. Simmons also contends that the trial court disregarded com-

pelling evidence which established his title through adverse possession. Where there is no transcript of the evidence, the appellate court must accept as correct the special master's findings of fact. *GHG, Inc. v. Bryan*, 275 Ga. 336 (4) (566 SE2d 662) (2002); *Jenkins v. Edelhertz*, 272 Ga. 480 (532 SE2d 94) (2000). Because the adverse possession claim is grounded in the evidence, there is nothing for this Court to review. *Gotel v. Thomas*, 277 Ga. 532 (592 SE2d 78) (2004).

3. Finally Simmons asserts that a jury trial should have been granted to resolve disputed factual issues. If no demand for a jury trial is requested prior to the time that the special master hears the evidence, "the special master is the arbiter of law and fact and decides all issues in the case unless the master 'on his own initiative . . . (requires) a trial by a jury of any question of fact.'" *Thornton v. REB Properties*, 237 Ga. 59 (226 SE2d 741) (1976), quoting former Code Ann. § 37-1416 (now OCGA § 23-3-66). Accord *GHG*, supra. Even assuming arguendo that there existed disputed issues of fact, Simmons did not demand a jury trial in a manner sufficient to trigger his right to such under OCGA § 23-3-66. Id.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 27, 2004.

*Neal H. Howard & Associates, Neal H. Howard, William D. James*, for appellant.
*Denney, Pease, Allison & Kirk, John W. Denney*, for appellees.