A11A0978. BUSH et al. v. REED et al.

(715 SE2d 747)

BARNES, Presiding Judge.

Allyson Bush and Glenn Bush, individually and as parents of their deceased son, brought this wrongful death action against Sandra B. Reed, M.D., and the Shaw Center for Women's Health, P.A. The case was tried before a jury, which returned a verdict in favor of the defendants. The plaintiffs filed a timely notice of appeal, but the trial court later dismissed the appeal because of the delay in filing the transcript of the proceedings. It is from the dismissal order that the plaintiffs now appeal. Because the trial court did not abuse its discretion in finding that the delay in the filing of the transcript was unreasonable, inexcusable, and caused by the plaintiffs, we affirm.

The record reflects that on October 6, 2009, the trial court entered judgment in favor of the defendants and against the plaintiffs in this wrongful death action. On October 27, 2009, the plaintiffs filed their notice of appeal designating only certain portions of the record and trial transcript to be prepared for inclusion in the appellate record. The following month, the defendants filed a designation and an amended designation requesting that the clerk of court include a complete transcript of the trial proceedings and omit nothing from the appellate record.

Subsequently, on January 4, 2010, the plaintiffs filed a motion for an extension of time to file the trial transcript, acknowledging that they had not filed their motion within the time required by

---

the probation officer to arrive at the scene.

[10] *Reece v. State*, 257 Ga. App. 137, 140 (2) (b) (570 SE2d 424) (2002).

OCGA § 5-6-39 (d).[1] The defendants consented to the plaintiffs' motion for an extension of time, and the trial court granted the motion on January 25, 2010. The trial court's January 25 order provided in relevant part:

> [The plaintiffs'] Motion for Extension of Time until such time as the transcript is completed and the record on appeal has been prepared for transmittal to the Appellate Court is hereby GRANTED. . . . [The plaintiffs] shall have 20 days from the date the trial transcript is completed and the record on appeal has been prepared for transmittal to Appellate Court to file the transcript.

On February 3, 2010, the court reporter mailed a letter to counsel for the plaintiffs stating that she would require a deposit of $3,500 before she would begin preparing the trial transcript. The court reporter further noted that she was "at a bit of a quandary as to how to proceed," given that the plaintiffs had requested a partial transcript, and she had "never been requested to do a partial transcript for a case on appeal, and, quite frankly, [was] simply not able to prepare a transcript in the manner that [was] requested." She also pointed out that the defendants were taking the position that the entire transcript needed to be prepared to "go up with the record on appeal."

Later that month, the plaintiffs filed a motion asking the trial court to allocate the costs of preparing the transcript between the parties. On April 21, 2010, the trial court conducted a telephone hearing addressing the motion to allocate costs, at which time the trial court orally denied the motion, thus requiring the plaintiffs to bear the cost of having the trial transcript prepared. The trial court thereafter entered a written order denying the plaintiffs' motion to allocate costs on May 6, 2010.

No trial transcript was filed by the plaintiffs in the ensuing months, and on July 29, 2010, the defendants filed their motion to dismiss the appeal for the plaintiffs' alleged unreasonable and inexcusable delay in filing the trial transcript. In connection with their motion, the defendants submitted the affidavit of the court reporter, who averred that following her mailing of the February 3 letter, she had not received the necessary deposit from the plaintiffs, and that since the time of the April 21, 2010 telephonic hearing, she

---

[1] Under OCGA § 5-6-39 (d), a motion for an extension of time to file the transcript "must be made before expiration of the period for filing as originally prescribed or as extended by a permissible previous order."

had not had any contact whatsoever with the plaintiffs or their attorney or received any indication that they wished to pay for the trial transcript.

On August 13, 2010, after the filing of the defendant's motion to dismiss, the plaintiffs submitted the $3,500 deposit to the court reporter to begin preparation of the trial transcript. On October 20, 2010, the plaintiffs for the first time responded to the defendant's motion to dismiss, and they later moved to supplement the record with additional evidence. Arguing that the plaintiffs' response to their motion to dismiss was untimely under Uniform Superior Court Rule 6.2,[2] the defendants requested that the plaintiffs' late response be stricken and that the plaintiffs not be permitted to present any evidence in opposition to their motion to dismiss.

Following a hearing, on November 15, 2010, the trial court entered a detailed 15-page order granting the defendants' motion to dismiss the appeal. The trial court found that based on the letter mailed from the court reporter to plaintiffs' counsel, the plaintiffs had been aware since February 3, 2010 that they needed to submit payment of the necessary deposit to the court reporter before she would begin preparing the trial transcript. Nevertheless, the trial court found, the plaintiffs "took no action to allow the transcript to begin being prepared" until August 2010, after the defendants had filed their motion to dismiss the appeal, when the plaintiffs finally paid the deposit to the court reporter. The trial court pointed out that this long delay in payment had occurred despite the fact that the plaintiffs knew from at least April 21, 2010 — the date the court conducted the telephone hearing and orally denied their motion to allocate the costs of preparing the transcript — that they would be required to bear the full cost of having the transcript prepared. The trial court further found that this delay had prejudiced the defendants' position by delaying the docketing of the case with the court of appeals until a later term of court.

Based upon these findings, the trial court concluded that the delay in procuring the trial transcript, which still had not been completed and filed with the clerk of court, was unreasonable, inexcusable, and caused by the plaintiffs. In reaching this conclusion, the trial court rejected the plaintiffs' argument that the January 25, 2010 order, which granted an extension of time for the filing of the transcript, excused the delay in this case, noting that the order did "not in any way vitiate [the plaintiffs'] duty to see that the transcript

---

[2] Uniform Superior Court Rule 6.2 provides: "Unless otherwise ordered by the judge, each party opposing a motion shall serve and file a response, reply memorandum, affidavits, or other responsive material not later than 30 days after service of the motion."

was timely prepared by paying the initial deposit." The trial court further concluded that it was authorized to strike the plaintiffs' response to the defendants' motion to dismiss as untimely and that the plaintiffs had waived any right to present evidence in opposition to the defendants' motion. For these combined reasons, the trial court dismissed the appeal.

The plaintiffs argue that the trial court erred in dismissing their appeal because the delay in the filing of the transcript was neither unreasonable nor inexcusable.[3] We are unpersuaded.

The relevant statutory framework is as follows. OCGA § 5-6-41 (c) provides that "where an appeal is taken which draws in question the transcript of the evidence and proceedings, it shall be the duty of the appellant to have the transcript prepared at the appellant's expense." OCGA § 5-6-42 elaborates on this duty, specifying that the appellant must file the transcript within 30 days after the filing of the notice of appeal unless the time is extended as provided by OCGA § 5-6-39. In turn, OCGA § 5-6-48 (c) governs the dismissal of appeals and provides that "the trial court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by [the appellant]."

The determination of whether the delay in the filing of the transcript was unreasonable, inexcusable, and caused by the appellant is a fact issue for the trial court and will not be disturbed on appeal absent an abuse of discretion. See *Hall v. Bussey*, 200 Ga. App. 311 (408 SE2d 430) (1991); *Hunt v. Lee*, 190 Ga. App. 403, 405 (379 SE2d 215) (1989). Mindful of this deferential standard of review, we turn to the trial court's dismissal order.

(a) We first address the trial court's finding that the delay in the procurement of the trial transcript was unreasonable.

> The threshold question of whether a delay in filing a transcript is unreasonable is a separate matter from the issue of whether such a delay is inexcusable, and it refers principally to the length and effect of the delay rather than the cause of the delay. Generally, a delay is unreasonable if it affects an appeal, either by directly prejudicing the position of a party by allowing an intermediate change of conditions or otherwise resulting in inequity, or by causing

---

[3] The plaintiffs do not challenge the trial court's decision to strike their response to the defendants' motion to dismiss the appeal and to bar them from presenting any evidence in opposition to the motion. In any event, as the trial court noted in its order, the defendants still were required to show from the pleadings and evidence that they were entitled to prevail on their motion to dismiss.

the appeal to become stale, for instance by delaying docketing and hearing in this court.

(Citations and punctuation omitted.) *Adams v. Hebert*, 279 Ga. App. 158, 159 (630 SE2d 652) (2006). Furthermore, a delay in excess of 30 days is considered prima facie unreasonable and inexcusable. See id.

Here, there was evidence to support the trial court's findings that the plaintiffs took no steps whatsoever to have the transcript prepared until mid-August 2010, which was almost ten months after the plaintiffs had filed their notice of appeal, over seven months after the court reporter had informed them of the necessary deposit, and almost five months after the trial court had informed them at the telephonic hearing that they would be responsible for bearing the full costs of having the transcript prepared. Moreover, as the trial court pointed out, by waiting to pay the deposit and order the transcript until mid-August 2010, the plaintiffs prevented the case from being docketed and heard in the earliest possible appellate term of court. Specifically, the delay in procuring the transcript precluded the case from being docketed and heard in the September 2010 appellate term of court, which closed on August 15, 2010, rather than some future term when the transcript is finally completed and filed for inclusion in the appellate record.[4]

In light of this evidence, we cannot say that the trial court abused its discretion in finding that the plaintiffs' delay in procuring the trial transcript was unreasonable. See *Morrell v. Western Svcs.*, 291 Ga. App. 369, 374 (2) (662 SE2d 215) (2008) (51-day delay in filing trial transcript was unreasonable because it caused the appeal to be delayed from the April to the September appellate term of court); *Adams*, 279 Ga. App. at 159 (delay in filing transcript was unreasonable, where appellant waited more than 150 days to file it, thereby "prevent[ing] the placement of the case on the earliest possible appellate court calendar" and causing "the docketing and consideration of the appeal [to be] delayed for another term"). As we have recognized, "justice delayed for even one day is justice denied to the litigant who was successful in the lower court and who is entitled to his judgment unless the case is properly reversed." (Citation and punctuation omitted.) *Adams*, 279 Ga. App. at 159.

(b) We next address the trial court's findings that the delay in the procurement of the trial transcript was inexcusable and was caused by the plaintiffs. As previously noted, there was evidence that the plaintiffs made no effort to contact the court reporter and pay the

---

[4] Court of Appeals Rule 12 provides that "[t]he docket for the January, April, and September terms shall close at noon on the 15th day of December, April and August, respectively."

deposit for the trial transcript until August 2010, with full knowledge that no steps would be taken by the court reporter to prepare the transcript until the deposit was paid. And because the trial court granted the defendant's motion to strike, there is no evidence in the record providing an explanation for the plaintiffs' failure to make any effort to contact the reporter and pay the deposit until after the defendants moved to dismiss the appeal because of the delay.

Under these circumstances, we cannot say that the trial court abused its discretion in finding that the delay was inexcusable and was caused by the plaintiffs. See *Coptic Constr. Co. v. Rolle*, 279 Ga. App. 454, 456 (631 SE2d 475) (2006) (delay in filing of trial transcript was inexcusable and caused by appellant, where appellant failed to communicate with the court reporter for nine months); *Crocker v. Stevens*, 210 Ga. App. 231, 240-241 (10) (435 SE2d 690) (1993), disapproved in part on other grounds by *Kim v. Lim*, 254 Ga. App. 627, 630 (1) (563 SE2d 485) (2002) (three-month delay in filing of trial transcript was inexcusable and caused by appellant, where appellant delayed payment of the initial deposit for preparation of the trial transcript); *McIntyre v. Gulf Oil Corp.*, 151 Ga. App. 855, 856-857 (261 SE2d 766) (1979) (delay in filing of trial transcript was inexcusable and caused by appellant, where appellant failed to pay for the preparation of the transcript, despite having been notified in a letter from the court reporter that the transcript would be prepared only upon receipt of payment).

(c) In concluding that the trial court did not abuse its discretion, we reject the plaintiffs' contention that the trial court's January 25, 2010 order provided them with a blanket extension to procure the trial transcript and thus excused any delay in this case. It is true that the January 25 order granted the plaintiffs an extension of time to file the transcript within 20 days from the date the transcript was completed. But, as the trial court itself reasoned, the order should not be construed as vitiating the plaintiffs' duty to see that the transcription process was initiated in a timely manner by paying the initial deposit. As our Supreme Court has explained, "[t]here is nothing in our statutes or decisions which requires that the obtaining of extensions per se excuses an appellant from the consequences of his own unreasonable delay." *Cox Enterprises v. Southland, Inc.*, 226 Ga. 794, 797 (2) (a) (177 SE2d 653) (1970). In other words, a delay in the filing of a trial transcript still may be unreasonable and inexcusable under the totality of the circumstances, despite the prior grant of an extension of time. See id. (noting that "the obtaining of extensions is not conclusive on the issue of delay by the appellant in filing the transcript"); *Jackson v. Beech Aircraft Corp.*, 217 Ga. App. 498, 504 (2) (458 SE2d 377) (1995) (delay in filing of transcript was

unreasonable and inexcusable, despite the grant of prior extension orders, including an order granting "an indefinite extension of time within which the transcript and record might be prepared and submitted," where it was later discovered that the appellant had not been diligently communicating with the court reporter). Based on the evidence previously discussed, the trial court acted within its discretion in concluding that the delay in this case was unreasonable and inexcusable under the totality of the circumstances, irrespective of the January 25 order.

For these combined reasons, the trial court did not err in finding that the delay in the filing of the trial transcript was unreasonable, inexcusable, and caused by the plaintiffs in light of their failure to timely pay the initial deposit to the court reporter. Consequently, we affirm the trial court's grant of the defendants' motion to dismiss the appeal under OCGA § 5-6-48 (c).

*Judgment affirmed. Adams and Blackwell, JJ., concur.*

DECIDED JULY 29, 2011.

*Paul D. Hermann*, for appellants.
*Coleman Talley, Gregory T. Talley*, for appellees.