**THIRD DIVISION
DILLARD, C. J.,
GOBEIL and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**June 20, 2019**

# In the Court of Appeals of Georgia

A19A0698. THE STATE v. BRIENZA.

A19A0699. BRIENZA v. THE STATE.

DILLARD, Chief Judge.

In Case No. A19A0698, the State appeals from the State Court of Fayette County's grant of Tyler Brienza's motion to exclude the use of certain portions of a video recorded during his encounter with police, which led to charges of obstruction of justice. The State argues the trial court erred in suppressing the relevant portion of the recording after concluding that, at the point it was made, officers lacked reasonable, articulable suspicion to continue detaining Brienza. This is the second time this appeal has been docketed with this Court, and in Case No. A19A0699, Brienza challenges the trial court's failure to dismiss the State's appeal for the reasons that resulted in our prior remand—*i.e.*, the failure to transmit a complete

transcript. For the reasons set forth *infra*, we reverse the trial court's decision in Case No. A19A0699 and dismiss the State's appeal in Case No. A19A0698.

1. *Case Number A19A0699.* Before reaching the merits of the State's appeal in Case No. A19A0698, we must first address whether that appeal is properly before us.

Brienza was charged by accusation with obstruction of a law-enforcement officer[1] and disorderly conduct.[2] He subsequently filed a "motion in limine," seeking to exclude "all testimony from any and all state witnesses that resulted from the prolonged detention and investigation . . . without reasonable articulable suspicion." Following a hearing, the trial court granted this motion in a summary order.

The record in Case No. A19A0698 shows that after the State initially filed its notice of appeal to the trial court's grant of Brienza's motion in April 2017, Brienza moved three months later, in July 2017, to dismiss the State's appeal due to a failure to timely request production of the transcript. But by the time the motion came before the trial court for argument at a scheduled hearing, the appeal had already been transmitted to and docketed in this Court as Case Number A18A0213. Accordingly,

---

[1] *See* OCGA § 16-10-24 (a).

[2] *See* OCGA § 16-11-39.

Brienza conceded that the trial court no longer retained jurisdiction to consider his motion to dismiss, and it was then denied as moot.

Nevertheless, after the case was docketed with this Court, the State filed a motion to remand the case because the record had been "mistakenly forwarded . . . without the entire transcript." Brienza objected to the State's request because it failed to seek an extension of the 30-day period within which to file the transcript and had already caused an unreasonable delay of the proceedings,[3] and, then moved for dismissal of the State's appeal on those grounds.[4]

---

[3] *See* OCGA § 5-6-39 (a) (3) ("Any judge of the trial court or any justice or judge of the appellate court to which the appeal is to be taken may, in his discretion, and without motion or notice to the other party, grant extensions of time for the filing of[ ] . . . [t]ranscript of the evidence and proceedings on appeal or in any other instance where filing of the transcript is required or permitted by law[.]"); OCGA § 5-6-42 ("The party having the responsibility of filing the transcript shall cause it to be filed within 30 days after filing of the notice of appeal or designation by appellee, as the case may be, unless the time is extended as provided in Code Section 5-6-39. In all cases, it shall be the duty of the trial judge to grant such extensions of time as may be necessary to enable the court reporter to complete his transcript of evidence and proceedings.").

[4] *See* OCGA § 5-6-48 (c) ("[T]he trial court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party. In like manner, the trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file an affidavit of

In response, this Court denied Brienza's motion because we lack the authority to dismiss an appeal on the basis of a delayed filing of a transcript,[5] and in doing so cited Court of Appeals Rule 20, which provides that

> Appellee shall be deemed to have waived any failure of the appellant to comply with the provisions of the Appellate Practice Act relating to the filing of the transcript of the evidence and proceedings or transmittal of the record to this Court, unless objection thereto was made and ruled upon in the trial court before transmittal and the trial court's order is appealed as provided by law.

We did, however, grant the State's motion to remand the case for completion of the entire record.

Upon return of the case to the trial court, Brienza *immediately* moved to dismiss the State's appeal, filing the same motion as before. The court conducted a hearing,[6] and then denied the motion, finding that the facts did not warrant dismissal.

---

indigence[.]").

[5] *See id.* ("No appeal shall be dismissed by the appellate court nor consideration of any error therein refused because of failure of any party to cause the transcript of evidence and proceedings to be filed within the time allowed by law or order of court[.]").

[6] Brienza did *not* include a transcript of this January 2018 hearing with his cross-appeal.

It is this decision Brienza cross-appeals, arguing that the State's appeal should have been dismissed upon remand due to its failure to timely order and file a complete transcript prior to the direct appeal's first appearance before this Court. We agree.

OCGA § 5-6-42 provides that when "there is a transcript of evidence and proceedings to be included in the record on appeal, the appellant shall cause the transcript to be prepared and filed . . . within 30 days after filing of the notice of appeal . . . ." And the trial court "may, after notice and opportunity for hearing, order that the appeal be dismissed [when] there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party."[7] It is well-established that a delay of more than 30 days is "prima facie unreasonable and inexcusable, but this presumption is subject to rebuttal if the party comes forward with evidence to show that the delay was neither unreasonable nor inexcusable."[8]

---

[7] OCGA § 5-6-48 (c).

[8] *Kelly v. Dawson Cnty.*, 282 Ga. 189, 189 (646 SE2d 53) (2007) (punctuation omitted); *accord Gordon v. Dennis*, 347 Ga. App. 110, 114 (1) (817 SE2d 561) (2018); *Brandenburg v. All-Fleet Refinishing, Inc.*, 252 Ga. App. 40, 44 (555 SE2d 508) (2001); *Stone v. Boyne*, 245 Ga. App. 868, 870 (539 SE2d 209) (2000).

When considering a motion to dismiss on grounds of a failure to timely file the transcript, the trial court must "determine the length of the delay, the reasons for the delay, whether the appealing party caused the delay, and whether the delay was inexcusable, and then . . . exercise discretion in deciding whether to dismiss the appeal."[9] And we will only reverse a trial court's ruling on such a motion if the court abused its discretion.[10]

Here, the trial court explained that it considered "the length of the delay, whether the appellant requested an extension, the existence of negligence on the part of the appealing party, and whether such delay reasonably should have been detected and timely corrected." In evaluating these considerations, the court made sufficient findings of fact to demonstrate that it considered the relevant factors delineated in OCGA § 5-6-48 (c)—*i.e.*, the length of the delay, the reasons for the delay, whether

[9] *Propst v. Morgan*, 288 Ga. 862, 863 (708 SE2d 291) (2011); *accord Gordon v. Dennis*, 341 Ga. App. 795, 797 (1) (802 SE2d 77) (2017); *see* OCGA § 5-6-48 (c) ("[T]he trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file an affidavit of indigence.").

[10] *See Propst*, 288 Ga. at 263 ("The trial court's ruling will be reversed on appeal only for abuse of discretion.").

the appealing party caused the delay, and whether the delay was inexcusable.[11]

Additionally, when issuing its order, the trial court at times confused the terms "unreasonable" and "inexcusable," seemingly referring to one when it intended to refer to the other.[12] But despite this confusion in terms, the court's conclusion and factors it considered in reaching that conclusion remain the same.[13] Nevertheless, we will use the proper terms when describing and assessing the trial court's analysis.

---

[11] *See Callaway v. Garner*, 340 Ga. App. 176, 180-81 (1) (796 SE2d 906) (2017) ("[I]n this case, although the trial court's order does not use the words 'unreasonable' or 'inexcusable,' the court made sufficient findings of fact to demonstrate that it considered the relevant factors delineated in OCGA § 5-6-48 (c). And Georgia courts have affirmed dismissal orders under such circumstances, even when the trial court did not use the specific terminology outlined in the statute. To do otherwise would be to elevate form over substance, and that is not something OCGA § 5-6-48 (c) requires." (footnote omitted)); *A. Roberts Corp. v. Roberts*, 207 Ga. App. 663, 664 (428 SE2d 671) (1992) ("Although the trial court did not use the specific terminology delineated in the statute, the trial court's order indicates that the court considered those factors in concluding that the dismissal of the appellants' appeal was proper.").

[12] We have previously explained that the "threshold question of whether a delay in filing a transcript is unreasonable is a separate matter from the issue of whether such a delay is inexcusable, and refers principally to the length and effect of the delay rather than the cause of the delay." *Cook v. McNamee*, 223 Ga. App. 460, 461 (477 SE2d 884) (1996).

[13] *See supra* note 11.

7

Before proceeding further, we also note that Brienza did not include the transcript of the trial court's hearing on the motion to dismiss with his cross-appeal, and we assume in such instances that the transcript supports the court's findings of fact.[14] Our review, therefore, is limited to "determining if, based on the facts it found, the trial court abused its discretion[.]"[15] But even under that limited review, we

[14] *See Jenkins v. Edelhertz*, 272 Ga. 480, 481 (532 SE2d 94) (2000) (explaining that, when there is no transcript of a hearing presented for appellate review, we must assume that the trial court's findings of fact regarding that hearing are correct); *Sadeghy v. State*, 242 Ga. App. 322, 322 (1) (529 SE2d 446) (2000) ("Without a transcript to review, this court must assume as a matter of law that the evidence presented at trial supported the court's findings." (punctuation omitted)).

[15] *Burger v. Krueger*, 224 Ga. App. 179, 179-80 (480 SE2d 230) (1996); *see Rogers v. Norris*, 262 Ga. App. 857, 857 (1) (586 SE2d 747) (2003) ("[Appellee] argues that the absence of the motion to dismiss hearing transcript in the appellate record makes the error harmless, in that we must presume the evidence supported the trial court's actions. Even presuming the evidence supported the trial court's actions, we must first have the required findings of fact for review so that we know that the court considered the correct factors in exercising its discretion."); *see also Johnson v. Johnson*, 242 Ga. 339, 339-40 (249 SE2d 22) (1978) ("Without a transcript of the proceedings below, we must assume that the evidence supports the trial court's 'Findings of Fact.' These findings adequately support the trial court's judgment as to the award of alimony." (citation omitted)); *Marsh v. White*, 185 Ga. App. 642, 644 (1) (365 SE2d 464) (1988) ("Assuming the evidence supported the findings, as we must, the finding of fact recited is not, even without additional findings as to how the changed circumstances adversely affected the child, an insufficient basis, when considered in context, for the court's ultimate conclusion that the found and stated changes in circumstance materially affected the child's interest and welfare. . . . This court will affirm that decision if there is reasonable evidence to support it. Inasmuch as the lower court's findings are supported as a matter of law, we cannot conclude

8

conclude that the trial court's findings of fact do not support its conclusions of law that the State's delay was neither unreasonable nor inexcusable. Therefore, the trial court erred in failing to dismiss the State's appeal.[16]

The trial court concluded that the delay in filing the transcript was in excess of 30 days. Specifically, the court found that 84 days passed between the time the State filed its notice of appeal on April 21, 2017, and when it requested the entire transcript on July 12, 2017. And the court correctly acknowledged that a delay in excess of 30 days is *prima facie* unreasonable and inexcusable. Nevertheless, the court concluded that the length of the delay in this case was not "unreasonable" due to "the [c]ourt's heavy caseload," citing its calendar between the filing of the notice of the appeal and when the State ordered the entire transcript. The court explained that, during the relevant time period, 39 days of court were held with four weeks of civil and criminal

_____

that the court abused its discretion." (citations omitted)).

[16] *Cf. Hall v. Bussey*, 200 Ga. App. 311, 311-12 (408 SE2d 430) (1991) ("[A] transcript of the hearing on the motion to dismiss defendant's appeal does not appear in the record. However, the trial court's order shows that defendant's appeal was dismissed because of the lack of specific explanation for the over five-month delay in filing a trial transcript. . . . Under these circumstances, we cannot say the trial court abused its discretion in finding that defendant's conduct caused the unreasonable and inexcusable delay in filing the trial transcript. There was no error in the dismissal of defendant's appeal.").

trials, 12 criminal arraignment days, seven days of criminal and civil hearings, and two days of criminal bench trials. And this was the court's sole reason for declining to find the length of the State's delay "unreasonable." But regardless of whether the court intended this finding to support a conclusion that the delay was not "unreasonable," or whether it made this finding to support its separate and later conclusion that the delay was not "inexcusable,"[17] it supported *neither* conclusion. Indeed, the court's heavy caseload bears no relation to the State's ability—and *its* duty—to request the appropriate transcript for its appeal and then monitor the progress of that transcript's preparation.[18]

---

[17] *See supra* note 12 (explaining the distinction between "unreasonable" and "inexcusable").

[18] *See Mercer v. Munn*, 321 Ga. App. 723, 726 (1) (742 SE2d 747) (2013) ("[T]he duty to order the transcript and to monitor timely the progress of the reporter's office in transcript preparation is vested upon the appropriate appealing party." (punctuation omitted)); *Coptic Const. Co. v. Rolle*, 279 Ga. App. 454, 455 (631 SE2d 475) (2006) (same); *see also Jackson v. Beech Aircraft Corp.*, 217 Ga. App. 498, 502-03 (2) (458 SE2d 377) (1995) ("At no time did the court reporter have a duty to inform any party to the trial that the transcript had not been officially ordered or that it was not being prepared. The statutory duty to file timely a transcript does not rest with the court reporter; rather the duty to order the transcript and to monitor timely the progress of the reporter's office in transcript preparation is vested upon the appropriate appealing party . . . . It would create an unacceptable and impractical burden on the court reporter's office to require them to contact attorneys or parties and report on the status of all ordered transcripts or to contact attorneys inquiring whether a transcript was being ordered; we decline to take this opportunity

10

Furthermore, with regard to the reasons and cause for the delay, although the trial court noted that the State requested "some of the transcript" or "a portion of the transcript" within two days of filing its notice of appeal,[19] it also found that the State (1) made no request for an extension, (2) was at least "slight[ly]" negligent (though the court did not explain why it concluded the negligence was "slight"), and (3) presented *no evidence* of any effort to follow up on its requested "portion" of the transcript and, thus, the "delay should have been corrected." The court further noted that the originally requested "portion" of the transcript was eventually filed in the trial court on July 28, 2017, only after the State's July 12, 2017 request for the *entire* transcript. And the filing of the initially requested "portion" resulted in the incomplete transmission to this Court and our subsequent remand at the State's request.

---

to create such an oppressive administrative requirement.").

[19] It is undisputed that the State's initial notice of appeal requested that the clerk "omit nothing from the record and shall transmit all transcripts to the Court of Appeals as part of the record." We remind the State that OCGA § 5-6-51 suggests that a notice of appeal include the following language: "Transcript of evidence and proceedings will/will not be filed for inclusion in the record on appeal." As we have previously recognized, "[t]his statutory language informs the clerk of the trial court whether he or she may transmit the record immediately or must wait for the appellant to file a transcript." *Webb's Erection, Inc. v. Colonial Pac. Leasing Corp.*, 345 Ga. App. 202, 204-05 (2) (812 SE2d 602) (2018).

11

The trial court's findings of fact do not support its conclusion that the State's delay was not inexcusable, particularly in light of the State's burden to come forward with evidence to rebut the presumption that the delay *was* inexcusable when it far exceeded 30 days.[20] Instead, these findings show the State was responsible for the delay by failing to request an extension, was negligent, and made no efforts to check on the progress of the *portion* of the transcript it requested, which was not even the appropriate transcript necessary for the State's appeal, as evinced by the fact that the State later requested both preparation of the *entire* transcript and that this Court remand the initial appeal for the same reason.

Finally, on the question of prejudice, the trial court summarily concluded that "no prejudice exists for the slight delay."[21] Thus, the court declined to dismiss the

[20] *See Morrell v. W. Servs., LLC*, 291 Ga. App. 369, 372 (1) (662 SE2d 215) (2008) ("In view of the more than 30[-]day delay in the payment of costs and the absence of any evidence as to why the delay occurred, the trial court was not authorized to exercise its discretion and deny the motion to dismiss defendants' notice of appeal. We therefore reverse the judgment of the trial court." (punctuation omitted)); *Fun Fit Enterprises v. Halpern Enterprises*, 273 Ga. App. 685, 686 (616 SE2d 466) (2005) (holding that denial of motion to dismiss appeal was an abuse of discretion when costs were not paid until 57 days after notice from court and no valid excuse was interposed by appealing party).

[21] In this final portion of the trial court's order, it concluded that "[g]iven the totality of the circumstances, the [c]ourt finds that while the delay may have been slightly unreasonable, the delay is not inexcusable as no prejudice exists." This

12

appeal. It bears repeating that, as the Supreme Court of Georgia has itself recognized, a delay in excess of 30 days is *prima facie* unreasonable and inexcusable.[22] Here, the trial court correctly acknowledged as much; but the party with the burden of coming forward with evidence to rebut the presumption that the delay of 84 days was unreasonable and inexcusable was the *State*.[23] And the court did not make any

contradicts the court's earlier finding that the delay was *not* "unreasonable." The effect of the delay is, of course, related to whether or not the delay was unreasonable, not inexcusable. *See supra* note 12; *see also Callaway*, 340 Ga. App. at 179 (1) ("This Court will also consider *any* delay in transmitting the appellate record unreasonable when it may affect an appeal by: (a) directly prejudicing the position of a party by allowing an intermediate change of conditions or otherwise resulting in inequity; or (b) causing the appeal to be stale, such as, by delaying just disposition of the case, by preventing placement of the case on the earliest possible appellate court calendar, or by delaying the docketing of the appeal and hearing of the case by an appellate court.").

[22] *Kelly*, 282 Ga. at 189; *Gordon v. Dennis*, 347 Ga. App. 110, 114 (1) (817 SE2d 561) (2018); *Callaway*, 340 Ga. App. at 179 (1).

[23] *See Kelly*, 282 Ga. at 189 ("[T]his presumption is subject to rebuttal if the party comes forward with evidence to show that the delay was neither unreasonable nor inexcusable."); *Gordon*, 347 Ga. App. at 114 (1) ("The presumption that the delay was inexcusable can be rebutted by evidence that the delay was not caused by the appellant."); *Callaway*, 340 Ga. App. at 179 (1) ("[T]his presumption is subject to rebuttal if the party comes forward with evidence to show that the delay was neither unreasonable nor inexcusable." (punctuation omitted)); *see also Webb's Erection, Inc.*, 345 Ga. App. at 203-04 (1) ("[T]he appellants bore the burden of presenting evidence rebutting the presumption that their 70-day delay in paying costs was unreasonable.").

findings of fact that the State presented any such evidence.[24] Rather, the court made findings of fact *supporting* the presumption that the delay was unreasonable and inexcusable because the State (1) did not request an extension, (2) was negligent, and (3) did not present evidence of monitoring the portion of the transcript that it requested, which, again, was not even the correct transcript because the State apparently needed the *entire* transcript for its appeal.[25]

Additionally, the trial court summarily concluded that Brienza was not prejudiced by the delay, and we must assume that this finding was correct.[26] That said,

---

[24] *See Gordon*, 347 Ga. App. at 114 (1) ("Appellants are not accountable for delays caused by clerks of court or court reporters after the transcript has been ordered properly; appellants are held accountable only for delays that they cause. Thus, for example, a delay in the filing of a transcript is excusable when there is evidence that it was caused by the 'backlog' of the court reporter rather than by an act or omission of the appellant." (citations & punctuation omitted)); *Brandenburg*, 252 Ga. App. at 44 (holding that presumption was rebutted when appealing party presented evidence that delay was caused not by it but by the insurance carrier).

[25] *Cf. Allan v. Jefferson Lakeside, L.P.*, 333 Ga. App. 222, 225 (1) (775 SE2d 763) (2015) (holding that trial court abused its discretion in dismissing notice of appeal when appealing party presented evidence that delay was due to reasonable, if erroneous, belief that it had paid entirety of the costs associated with preparation of the requested transcript; because appellant timely ordered transcript, made reasonable inquiries into status of its preparation, and made timely payment of bill received from clerk after transcript was requested, delay was not inexcusable).

[26] *See supra* notes 14-15 & accompanying text.

14

a delay is unreasonable if it affects an appeal "either by directly prejudicing the position of a party by allowing an intermediate change of conditions or otherwise resulting in inequity, *or* by causing the appeal to become stale, for instance by delaying docketing and hearing in this [C]ourt."[27] Indeed, as we have repeatedly recognized, "justice delayed for even one day is justice denied to the litigant who was successful in the lower court and who is entitled to his judgment unless the case is properly reversed."[28] And here, the initial docketing of this appeal was discernibly delayed when the State's notice of appeal was filed on April 10, 2017, but the case was not docketed with this Court until some five months later on August 22, 2017—and was then *remanded* at the State's request.[29]

---

[27] *Adams v. Hebert*, 279 Ga. App. 158, 159 (630 SE2d 652) (2006); *accord Postell v. Alfa Ins. Corp.*, 332 Ga. App. 22, 25 (2) (a) (i) (772 SE2d 793) (2015); *Ashley v. JP Morgan Chase Bank, N.A.*, 327 Ga. App. 232, 235 (1) (758 SE2d 135) (2014); *Bush v. Reed*, 311 Ga. App. 328, 331-32 (a) (715 SE2d 747) (2011).

[28] *Callaway*, 340 Ga. App. at 179 (1) (punctuation omitted); *accord Ne. Ga. Med. Ctr., Inc. v. Healthsouth Rehab. Hosp. of Forsyth Cty., LLC*, 347 Ga. App. 852, 859 (1) (821 SE2d 68) (2018).

[29] *See Postell*, 332 Ga. App. at 26 (2) (a) (i) (holding that four-and-a-half-month delay was unreasonable and delayed docketing in this Court); *Ashley*, 327 Ga. App. at 235-37 (1) (holding that eight-month delay caused appeal to be docketed at least one term later than it should have been docketed); *McAlister v. Abam-Samson*, 318 Ga. App. 1, 6-7 (2) (733 SE2d 58) (2012) (concluding that delay resulted in docketing for a later term of court); *Pistacchio v. Frasso*, 314 Ga. App. 119, 122 (723

15

Because the trial court's findings of fact do not support its conclusions of law, the trial court erred in denying Brienza's motion to dismiss the State's appeal. We therefore reverse the trial court's judgment in Case No. A19A0699.

---

SE2d 322) (2012) ("The [three-month] delay here discernibly delayed docketing of the record in the appellate court and prevented an appellate decision on the merits at the earliest possible date."); *Bush*, 311 Ga. App. at 332 (a) (holding that ten-month delay "prevented the case from being docketed and heard in the earliest possible appellate term of court"); *Morrell*, 291 Ga. App. at 374 (2) (holding that 51-day delay caused delay of appeal from one term to another); *Adams*, 279 Ga. App. at 159 (concluding that 150-day delay resulted in delayed docketing from one term to another); *Galletta v. Hillcrest Abbey W., Inc.*, 185 Ga. App. 20, 22 (1) (363 SE2d 265) (1987) (explaining that, in a prior case, a four-month delay in filing a transcript "obviously" and "discernibly" delayed docketing of the record in Court of Appeals); *see also* CT. OF APPEALS R. 12 ("The Court has three terms of court per year. Cases are docketed to a term as required by the Constitution of the State of Georgia and as otherwise required by law. The docket will specify the specific term to which a case is docketed. Cases docketed to a specific term must be decided before the expiration of the following term. The Court's terms . . . are as follows: (1) the December term begins the first Monday in December and ends March 31 the following year; (2) the April term begins the first Monday in April and ends July 17; (3) the August term begins the first Monday in August and ends November 18."); *Fulton Cnty. Bd. of Tax Assessors v. Love*, 289 Ga. App. 252, 254 (656 SE2d 576) (2008) ("[When] the delay in filing the transcript does not discernibly delay the docketing of the record in the appellate court, and does not prevent an appellate decision on the merits at the earliest possible date, the delay is not unreasonable."). *See generally* OCGA § 24-2-220 (providing for matters to be judicially recognized); *Thompson v. Cheatham*, 244 Ga. 117, 118 (1) (259 SE2d 62) (1979) ("Our courts will take judicial notice of all Acts of the General Assembly and the organization and terms of court." (citations omitted)).

16

2. *Case Number A19A0698*. In light of our holding in Case No. A19A0699, we dismiss the State's appeal.

*Judgment reversed in Case No. A19A0699. Appeal dismissed in Case No. A19A0698. Gobeil and Hodges, JJ., concur*.